[No. 6497.   Decided February 25, 1907.]

NELLIE SOMERS GUERIN, *Appellant*, v. ARTHUR E. GUERIN, *Respondent*.[1]

DIVORCE—GROUNDS—CRUELTY—EVIDENCE—SUFFICIENCY. It is error to deny the wife a divorce on the ground of cruelty, where it appears from the testimony of disinterested witnesses that the husband habitually accused her of infidelity, that he struck her in the face and kicked her until she was black and blue, and he admitted that he slapped her and administered corporal punishment when he considered it merited.

SAME—CUSTODY OF CHILD—ALIMONY. In an action brought by a wife for a divorce, the custody of a minor child, with permanent alimony for its support, should be awarded to the mother, where it affirmatively appears from the father's testimony that he is not qualified to have control of the child, and affidavits for a new trial show the mother to be a fit person, and there is no showing to the contrary.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered September 1, 1906, in favor of the defendant, dismissing an action for divorce after a trial on the merits. Reversed.

*W. H. Winfree* and *Robertson & Rosenhaupt*, for appellant.

*John C. Kleber*, for respondent.

DUNBAR, J.—This is an action for divorce, brought by appellant on the grounds of cruel treatment and personal indignities rendering life burdensome, for custody of a child, and for alimony. At the conclusion of the evidence at the

[1]Reported in 88 Pac. 928.

trial, the court stated that the evidence was insufficient to sustain the allegations of the complaint, and dismissed the action. Judgment of dismissal was entered, and from this judgment this appeal is taken.

According to the complaint and the testimony, the parties to this controversy were married on the 8th day of November, 1899, and there was born to them in August, 1900, a son, Arthur John Somers Guerin, who is now in the possession, care, custody, and control of the appellant. It is alleged, that the respondent is an improper person to have the care or custody of said child; that he has no home to which to take the child; that he drinks and carouses, gambles and dissipates his money, and consorts with disreputable characters; that there is no community property; that the respondent has threatened to burn and destroy the clothing of the appellant, and to mar and disfigure her, and to take the child away by force; that he has on numerous and many occasions struck the appellant with his fists, and left marks and bruises upon her body; that he has on numerous and many occasions, in the presence of others and in the presence of the minor child, accused the appellant, without any just cause or reason, of being untrue to her marital vows and of unchastity, and of many other misdoings which we will not specially mention. The answer was a denial of the material allegations of the complaint.

Ordinarily this court is disposed to accord great consideration to the conclusions reached by the trial judge, especially in this kind of a case which involves heated controversy, where the testimony is conflicting and the judge has an opportunity of seeing the witnesses and of observing their manner of testifying. But the law gives the losing party the right of appeal and the right to have the testimony reviewed by this court; in other words, to have the case tried here *de novo*. This is the duty imposed upon the court and must be met. While this case is not without difficulties, an exami-

nation of the whole record convinces us that the trial court
erred in the conclusion reached that the appellant had failed
to sustain the allegations of the complaint.    While they
might not have been sustained in every particular, it plainly
appears from the testimony, that the respondent had been
cruel and inhuman in his treatment of his wife, both in actions
and words; that he habitually, and in the presence of others,
accused her of unchastity; that he applied to her the most
opprobrious and vile epithets; that he struck her in the face,
on one occasion cutting her cheek open with a ring which
he wore, and that he kicked her until she was black and blue
as the result of the punishment.

These overt acts were testified to, not only by the appel-
lant, but by other sustaining witnesses who had witnessed the
performance, and while the respondent denied that he had
beaten his wife, he admitted that he had slapped her at times
when he considered the provocation sufficient, showing con-
clusively that he stood ready to administer corporal punish-
ment to his wife, constituting himself the judge of the
merited severity of the punishment.    It is probably scarcely
necessary to say that an indignity of this character from
which the law protects a wife is not measured by the force
of the blow.    Other indignities and abuses were also proven
which it is not necessary to discuss, and on the whole his
course of conduct was so depraved and cruel that we do not
think the wife ought to be forced to submit to it.    It is true
that the wife was an actor in a variety theater, and that her
witnesses in the main were engaged in the same business.
They were the kind of people with which this family natur-
ally associated, and the only class of people who would prob-
ably have a knowledge of their domestic relations; and to
deprive her of these witnesses would be, in the ordinary
course of affairs, to deprive her of her right to prove her
case.    In addition to this, while an employment of this char-
acter may not tend to the highest plane of morality, im-

morality is not confined to any class or calling, and we cannot indulge the presumption that the truth was not stated by either the appellant or her witnesses because they were actors in variety theaters. Besides, the husband was engaged in the same calling. He married the appellant, who was a young girl, while she was engaged at that business, and himself testifies that she resumed her work a day or two after they were married. It seems to us that almost if not quite enough is admitted by the respondent to warrant the relief sought by the appellant. But when to this is added the testimony of the appellant and many other witnesses, the conclusion is irresistible.

The appellant in her complaint also asked that she be awarded the care, custody, and control of their said minor child, Arthur John Somers Guerin, and judgment against the respondent for $40 per month permanent alimony. It appears from the affidavits, furnished upon motion for new trial, of many people who have known the appellant for a great many years, some of them since childhood—some of these affiants not being connected with the theater business—that she is and always has been a woman of good reputation and a fit person to have the care and custody of the child. There being no showing to the contrary, and it appearing affirmatively from the testimony of the respondent that he is not qualified to have control of the minor child, the judgment will be reversed and the cause remanded with instructions to the lower court to grant the appellant a divorce from the respondent as prayed for, to award to the appellant the care, control, and custody of the said minor child, Arthur John Somers Guerin, and to grant her judgment against the respondent for $15 a month permanent alimony, for the purpose of maintaining said child.

HADLEY, C. J., MOUNT, CROW, and FULLERTON, JJ., concur.