[No. 6691.   Decided September 28, 1907.]

LAURA CLAIBORNE, *Respondent*, v. AUSTIN CLAIBORNE,
                        *Appellant.*[1]

DIVORCE — ALIMONY — PROVISION FOR CHILD — GUARDIANS.   Upon
granting a divorce to the wife, who is awarded the custody of a
minor child, the court may, although there is no property, give
judgment for monthly alimony for the support of both wife and
child, under Bal. Code, § 5723, authorizing the court to make "pro-
vision for the guardianship, custody, support," etc., of a minor child.

Appeal from an order of the superior court for King
county, Tallman, J., entered November 19, 1906, upon find-
ings in favor of the plaintiff, after a hearing on the merits,
directing the payment of alimony awarded by a decree of
divorce.   Affirmed.

*William H. Gorham*, for appellant.
*Blaine, Tucker & Hyland*, for respondent.

MOUNT, J.—On November 14, 1901, the respondent, Laura
Claiborne, was, at her suit, divorced by the superior court of
King county, Washington, from the appellant.   She was
awarded the care and custody of a minor son.   In the decree
the court found, "that there is no community property or
other property owned by either party to this action, requiring
the interference of this court; . . . that the defendant
is a very competent business man, and has heretofore been
earning $250 per month, and is in good health; that $100
per month is a reasonable allowance for alimony for the plain-
tiff for the support of herself and younger son."   Thereupon
a decree was entered which provided, among other things, as
follows: "That the defendant pay to the plaintiff the sum of
$100 per month commencing on January 1, 1902, and a like
amount on the 1st day of each and every month thereafter

[1]Reported in 91 Pac. 763.

for the support of herself and younger child, to continue in force until the further order of this court." Thereafter on November 13, 1906, the defendant in that action, having been served with an order to show cause why the allowance made by the decree as stated above had not been paid as provided in that decree, filed a motion to vacate so much of the original decree of divorce as awarded alimony for the support of his divorced wife, and on November 16, 1906, filed a motion to vacate the order to show cause why he had not complied with the decree. Both of these motions were based upon the ground that the court rendering the decree of divorce had no jurisdiction to require the husband to support his divorced wife and child, and that such order was therefore void. These motions upon the hearing were denied, and the court, after hearing the application upon its merits, directed the defendant to turn over a certain insurance policy to the plaintiff. This appeal is prosecuted from that order.

The only question presented here upon the merits is whether that portion of the decree of divorce awarding $100 per month to the wife for support of herself and minor child is void. In the case of *State ex rel. Brown v. Brown,* 31 Wash. 397, 72 Pac. 86, we affirmed a judgment enforcing a decree like the one in this case. It is true, the validity of the decree in that case was not discussed in the opinion or in the briefs of counsel. The validity of the original decree was apparently conceded. The statute, Bal. Code, at § 5723 (P. C. § 4637), provides that, "In granting a decree the court . . . shall make provision for the guardianship, custody, support, and education of the minor children of such marriage." This means that the court may appoint a guardian for minor children, and that such guardian may be remunerated by order of the court. If the statute makes no provision for the support of the divorced wife where there is no property and no children, it clearly makes provision for the support of minor children of divorced parties, and intends, at least, that where one

of them is fitted for the care of the minor children and is appointed to care for them, such party may be rewarded for such care as fairly as a stranger might be. It must follow that, in addition to the actual requirements for the child, provision by way of remuneration may be made for the guardian. This may have been the sole purpose of the decree in this case. Where there is no property but where there are minor children of divorced parties, we are satisfied that the statute is broad enough to authorize the court to decree to either party having the care and custody of such children sufficient support for both the child and the guardian.

The original judgment therefore was not void, and the order appealed from must be affirmed.

HADLEY, C. J., CROW, ROOT, DUNBAR, and RUDKIN, JJ., concur.