[No. 7493.    Decided May 11, 1909.]

ISADORE LEASER, *Appellant*, v. JOHN LEASER, *Respondent*.[1]

DIVORCE—DECREE—DIVISION OF PROPERTY. In granting a divorce and making a division of real estate, it is immaterial whether the only property of the parties was separate estate of the husband.

SAME. In granting a divorce to a wife on the ground of cruelty, leaving her with five minor children to support (four by a former marriage) it is an abuse of discretion to award her but $350 out of property of the value of $1,600, and ten dollars per month for the support of an infant child, where her husband was an able-bodied man earning from $3.50 to $5 per day eleven months in the year; and the decree will be modified on appeal so as to award her the whole of the property.

Appeal by plaintiff from a judgment of the superior court for Spokane county, Kennan, J., entered March 9, 1908, directing the payment of alimony awarded by a decree of divorce, after a trial on the merits before the court. Modified.

*Charles Grant* and *Joseph Rosslow*, for appellant.

*Scott & Campbell*, for respondent.

MOUNT, J.—The appellant brought this action to obtain a divorce from the respondent. After issues were joined and a trial had, the lower court granted the plaintiff a divorce from the defendant upon the ground of cruelty. She was awarded the care and custody of an infant child. She was also awarded the sum of $350, which was made a lien upon lots 4 and 5, of block 15, of resurvey of Second addition to Third addition to Railroad addition to Spokane, in Spokane county. This was the only property owned by the parties to the action. The defendant was also required to pay $10 per month for the support of the infant child. The plaintiff has appealed from that part of the decree awarding her $350 and $10 per month.

[1]Reported in 101 Pac. 705.

The lots above mentioned, with the improvements, were worth at the time of the trial about $2,500. They were incumbered by a mortgage of $900. The parties own no other property. The appellant at that time was forty-three years of age. She had four minor children by a former marriage, and one child three years of age by the respondent. She has no means of earning a livelihood except by the work of her hands. The respondent is a strong, able-bodied man, a carpenter and brick mason by occupation, and capable of earning from three and one-half to five dollars a day, and worked on an average about eleven months in the year. There is some contention in the case whether the real property above described is or is not the separate property of the respondent. This question may be dismissed without consideration, because the statute provides that the court shall make such disposition of the property of the parties as shall appear just and equitable, having regard to the merits of the respective parties, and we have held that there is no distinction between separate and community property in this regard. *Claiborne v. Claiborne*, 47 Wash. 200, 91 Pac. 763; *Ramsdell v. Ramsdell*, 47 Wash. 444, 92 Pac. 278.

In this case the trial court found that the appellant was entitled to a decree of divorce because of cruelty of the husband, and that she should have the care and custody of the infant child. This left the appellant with five minor children, four by a former marriage and one by the respondent. In view of these facts and the further fact that the respondent was an able-bodied man, earning from three and one-half to five dollars per day, for eleven months in the year, and in view of the fact that the real property was worth only about $1,600 net, we think the trial court should have awarded the whole of this property to the appellant, and abused its discretion by not doing so.

The cause is therefore remanded to the trial court, with directions to modify the decree so as to award the whole of

the real property to the appellant, subject to the mortgage of $900; appellant to recover her costs.

RUDKIN, C. J., DUNBAR, CHADWICK, and FULLERTON, JJ., concur.

CROW, GOSE, MORRIS, and PARKER, JJ., took no part.