[No. 10066. Department One. March 28, 1912.]

CARMELA BROGNA, *Appellant*, v. GABRIELLE BROGNA, *Respondent*.[1]

APPEAL—REVIEW—FINDINGS. Findings of the trial court in a divorce case will not be disturbed, where they depend upon the weight of conflicting evidence.

DIVORCE—DIVISION OF PROPERTY. It is discretionary in granting a divorce, for the trial court to award all of the property to the husband, subject to the payment of reasonable alimony.

DIVORCE—CUSTODY OF CHILDREN. Where there is doubt as to the character of the wife, the court may award the custody of the children to her for a limited period only, subject to future revision.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered October 31, 1911, upon findings in favor of the defendant, in an action for a divorce,

[1]Reported in 122 Pac. 1.

awarding the property to the defendant, and the temporary custody of the children to the plaintiff, with alimony. Affirmed.

*John B. Van Dyke, Roger Marchetti,* and *Arthur E. Griffin,* for appellant.

*E. E. Wager,* for respondent.

CROW, J.—This is an action for divorce. Plaintiff and defendant had two minor daughters, nine and six years of age; had accumulated property of the value of $7,300, and were indebted in the sum of $3,009.74. The wife as plaintiff asked the custody of the children, an equal division of the property, and a divorce on the ground of extreme cruelty. The husband by cross-complaint asked the custody of the children, and a decree of divorce for cruel treatment and adultery. The trial court entered a judgment by which it was decreed, that the real and personal property be awarded to the defendant; that the care, custody, and control of the children be awarded to the plaintiff for the period of four years from the date of the decree; that for the same period the defendant pay plaintiff $30 per month for the maintenance and support of the minor children; that he pay her $25 per month for her own support for the period of four years, or until the further order of the court; that said sums be a lien upon a portion of the real estate awarded to defendant; that he pay all their indebtedness and all costs incurred in this action; that he pay a $50 fee to plaintiff's attorney, in addition to $250 already paid; and that at the expiration of four years from the date of the decree, application may be made to the court for the future disposition of the minor children and for an additional allowance for their maintenance and support. From this decree, the plaintiff has appealed.

Appellant contends that a decree of divorce should have been awarded to her. While there was evidence which, if

regarded as credible by the trial court, would have been sufficient to support a decree in her favor, there was also evidence in support of the cross-complaint sufficient to sustain the decree in respondent's favor. We are in no position to pass upon the credibility of the witnesses, or the weight of the conflicting evidence. That was done by the trial judge, and his findings will not be disturbed.

Shortly before the commencement of the action, appellant conveyed to respondent all her interest in the community real estate. In her complaint she alleged that her deed had been obtained by threats, duress, and intimidation, and asked that it be set aside. She now contends that the trial judge erred in refusing this demand. We cannot find that the deed was thus obtained; but, be that as it may, the trial judge, under Rem. & Bal. Code, § 989, was authorized to make such distribution of the property as should appear just and equitable, having due regard to the respective merits of the parties. This he did. The property was subject to a heavy indebtedness, which the respondent was required to assume and pay. The evidence was sufficient to satisfy the trial judge that a reasonable monthly allowance to appellant, for the maintenance of herself and children would afford her better support than would an interest in the incumbered real estate. From the record we are satisfied that the allowance thus made was just and equitable.

Complaint is made of the order awarding the custody of the children to appellant for four years only, and not permanently. The record justifies this order. There was evidence which strongly supported respondent's contention that the appellant had been guilty of adultery, although no such finding was made. If during the next four years appellant conducts herself in a proper manner, there is no reason why a further order may not then be made continuing the children in her custody, and making a further allowance for their support.

The controlling questions on this appeal are questions of fact. On the conflicting evidence shown by the record we conclude the decree should be affirmed. It is so ordered.

DUNBAR, C. J., PARKER, GOSE, and CHADWICK, JJ., concur.