[No. 11155. Department Two. October 10, 1913.]

## ANNIE E. HALE, *Respondent*, v. CARP HALE *et al.*, *Appellants.*[1]

APPEAL—REVIEW—FINDINGS. Where there is direct conflict in the evidence, findings in an action for divorce will not be disturbed, when it cannot be said that the trial court decided against the weight of the evidence, either in granting the divorce or in the division of the property.

DIVORCE—DIVISION OF PROPERTY. In granting a divorce to the wife, the court may make provision for her out of the separate property of the husband acquired before marriage.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered July 3, 1912, upon findings in favor of the plaintiff, in an action for divorce. Affirmed.

*Henry J. Snively,* for appellant.

*Englehart & Rigg,* for respondent.

ELLIS, J.—The plaintiff, Annie E. Hale, brought this action to secure a divorce from her husband, the defendant Carp Hale. The parties were married on April 28, 1908. Since that time, to the beginning of this action, they have lived together as husband and wife, in the city of North Yakima. No children have been born to the marriage. The complaint charges that the defendant has imposed upon the plaintiff personal indignities rendering her life burdensome, and has treated her in a cruel and inhuman manner. The items of cruel treatment, consisting of frequent beatings, chokings, kickings, cursings, the calling of vile names, the application of opprobrious epithets and threats to kill, are set out at great length in the complaint. The prayer is for an absolute decree of divorce and an equitable division of property. The answer denies the material allegations of the complaint, and alleges affirmatively that the plaintiff is a scheming woman who married the defendant for the purpose

[1]Reported in 135 Pac. 481.

of getting money from him; that she is a woman of ungovernable temper and has inflicted personal indignities upon the defendant, prying into his business, insulting his friends, and speaking to them disparagingly of the defendant; sets out numerous instances of such actions on the plaintiff's part at great length, and prays that plaintiff take nothing, that her action be dismissed, and that the defendant be granted a divorce. The reply put in issue the affirmative allegations of the answer.

The court found that, since the marriage of the plaintiff and the defendant, the defendant has imposed upon the plaintiff personal indignities rendering her life burdensome, and has cruelly treated her; that he has struck her with his fist, caused her eyes to be blackened by his blows, and that, while under the influence of intoxicating liquors, he has applied to the plaintiff opprobrious epithets and vile names in the presence of different persons at different times, and has thereby greatly humiliated the plaintiff, rendering her life burdensome; that, by reason of the cruel conduct of the defendant, and by reason of the personal indignities imposed upon the plaintiff by the defendant, it would be impossible for the parties to longer live together as husband and wife. The court further found that the defendant is the owner of a large amount of real and personal property, situated in Yakima county, Washington, the greater part of which he accumulated prior to his marriage with the plaintiff; that, since the marriage, the plaintiff and defendant have acquired a house and lot in the city of North Yakima; that there is standing in the name of the plaintiff a contract for the purchase of a tract of land in Benton county upon which certain payments remain to be made. The findings particularly describe the different properties belonging to the defendant. The court also found that the defendant is engaged in the cattle business, and is capable of making, and does make and receive from such business, a substantial annual income.

Upon these findings, the court granted to the plaintiff a

decree of divorce, and awarded to her, as her separate property, a certain house and lot in North Yakima, all the household furniture belonging to the parties, excepting certain specified articles, and decreed that the defendant pay to the plaintiff the sum of $2,500 on or before eighteen months after the date of the decree, in monthly installments, the deferred payments to bear interest at the rate of eight per cent. The Benton county land was also awarded to the plaintiff on condition that she assume all of the deferred payments on the contract of purchase. The remainder of the property was awarded to the defendant. The plaintiff was also awarded her costs and disbursements, and an attorney's fee of $500, less the amount already paid, and was given a lien upon certain property awarded to the defendant to secure the payment of the $2,500 and interest and the payment of the attorney's fee. From this decree, the defendant prosecutes this appeal, assigning as error the findings of the court that the defendant was guilty of acts of cruelty, and in decreeing the plaintiff a divorce thereon, and in the distribution of the property.

The evidence covers nearly 600 pages, and presents a sharp conflict on every issue of fact. We have read the evidence with much care, but any effort to discuss it in detail would extend this opinion to an interminable length, without profit to any one. We cannot say that the trial court decided against the weight of the evidence, either in granting the divorce or in his division of the property. While this is a trial *de novo*, the findings of the trial court upon conflicting evidence are entitled to great weight. *Guerin v. Guerin*, 45 Wash. 486, 88 Pac. 928.

"We are in no position to pass upon the credibility of the witnesses, or the weight of the conflicting evidence." *Brogna v. Brogna*, 67 Wash. 687, 122 Pac. 1.

"In cases of this kind there is often an atmosphere apparent at the trial, sometimes elusive, but none the less palpable to the trial court, which is seldom fully manifested in the written record." *Dyer v. Dyer*, 65 Wash. 535, 118 Pac. 634.

The evidence convinces us that the parties can no longer live together, and 'that, the divorce was properly granted. Though most of the property involved was the separate property of the husband, it was the trial court's duty, regardless of that fact, to make such a division as to him appeared just and equitable, having regard to the merits of the respective parties and to the situation in which they are left by the divorce. *Leaser v. Leaser,* 53 Wash. 135, 101 Pac. 705; *Markowski v. Markowski,* 44 Wash. 594, 87 Pac. 914. We find nothing in the record to warrant an interference with the decree.

It is affirmed.

CROW, C. J., MAIN, and MORRIS, JJ., concur.