[No. 378.   Decided December 18, 1891.]

THE STATE OF WASHINGTON, *on the Relation of Trumbull & Plumley*, v. MORRIS B. SACHS, *Judge of the Superior Court of Jefferson County.*

3   371
26   218

DIVORCE—ATTORNEYS' FEES—JURISDICTION TO DETERMINE:

Where, in an action for divorce, a decree has been rendered dissolving the marriage, and adjudging the wife a certain sum of money, upon which judgment her attorneys filed a lien for their fees, the court has power to summon said attorneys before it to determine what lien they may have, and what would be a reasonable fee for their services. (DUNBAR, J., dissents.)

*Original Application for Prohibition.*

*Trumbull & Plumley,* for petitioner.

The opinion of the court was delivered by

HOYT, J.—It appears from the petition herein that in a certain action for divorce, pending in the superior court of Jefferson county, a decree was entered dissolving the marriage relation between the parties, and adjudging the wife the sum of $1,500 as her share of the property, and that such sum should be a lien upon certain real estate until the same was paid. That said real estate was sold under said decree, and that the purchaser thereof, instead of paying the money to the sheriff, paid it to said wife, the plaintiff in said divorce proceeding. That said relators, Trumbull & Plumley, were the attorneys for said plaintiff in such proceeding. That they had duly filed in said court a lien for the fee therein alleged to be due for their services. That at the instance of the wife a certain petition had been filed in said court and cause, upon which said court had made an order in substance as follows:

"Upon reading and considering the verified petition of the plaintiff, L. A. Andrews, filed in this court, and on motion of Messrs. Tyler, Hays & Tyler, attorneys for plaintiff in said petition, it is ordered that Messrs. Trumbull & Plumley, attorneys at law, be and appear before the court at chambers, on the 10th day of November, 1891, at 10 o'clock on said day, and to show what, if any, lien they had upon the judgment herein at the time of the sheriff's sale of real estate by virtue of an execution issued in said cause, and if the court shall decide that they had a lien at that time, they will further show what would be a reasonable fee for their services rendered plaintiff in said cause. Let a copy of this order be served on said attorneys five days before the time fixed for hearing."

That said relators herein appeared specially in said court, and moved to strike from the files thereof said petition

and vacate the order of the court above recited, which said motion was denied by the respondent. And the object of this proceeding was to procure from the court its writ of prohibition commanding the respondent to desist from further action upon said petition and order. The answer of the judge to the alternative writ heretofore issued herein admits the facts substantially as stated above. Upon these facts the contention of the relators is that the action of the court in the making of said order, and its threatened action in pursuance thereof, is absolutely void for want of jurisdiction, and that they have no other plain and adequate remedy, and are, therefore, entitled to the writ in question.

We are unable to agree with this contention. The money realized from the sale of the property described in the decree in said divorce cause should have been paid into court, and the case must be considered as though such money were now in the registry thereof. If this is so, it seems clear to us that, whatever may be the rule in an ordinary cause, in a divorce case the court must be held to have complete jurisdiction to dispose of such moneys as it may think just under all the circumstances. Such cases stand upon a different basis than do suits not of this nature. Our statute but reënacts the general rule when it provides that all the property of the respective parties to a divorce proceeding comes into the possession of the court, and is to be disposed of in accordance with its judgment; and while it is true that this provision doubtless relates primarily to the disposition of such property as between the parties to such action, yet we think that such court could not fairly and properly discharge its duties thereunder if it could not go further and dispose of money in the registry of the court, even although the interest of one of the parties to such proceeding in such funds had been divested. A divorce proceeding has many of the characteristics of a proceeding *in rem.* The court clearly had the right to order

the property sold, and having done so, we do not think it is within the power of anyone to so tie the hands of the court that it cannot distribute the funds derived from such sale. We do not now pass upon the question as to whether or not the relators have any other adequate remedy.

The peremptory writ of prohibition must be denied.

ANDERS, C. J., and STILES and SCOTT, JJ., concur.

DUNBAR, J. (*dissenting*).—I cannot agree with the majority opinion in this case. I think when the court assumed to try the reasonableness of an attorney's fee in the summary manner adopted in this case that it exceeded its authority, and acted without jurisdiction. In my judgment it makes no difference whether it is a divorce suit or not. Of course in a divorce suit, as between the parties to the suit, the power of the court is enlarged; all the property of the litigants is brought within the jurisdiction and control of the judge, and, as the majority say, and all the authorities hold, the court has complete jurisdiction to dispose of such property as it may think just under all the circumstances of the case. But it must be a disposition of the property in the case; the case that has been submitted to the court in proper form of law, and with the notice provided by law; in this instance, the case that was being tried between Lizette A. Andrews and Augustus Andrews. No question can be raised but that, as between these parties, the court has a right to determine all proper questions that are legally raised by the pleadings. If it were a question of the reasonableness of the attorney's fee that one of the parties to the action was demanding of the other party to the action, being a question in the case, there is no doubt of the authority of the court to determine it. But here is an independent business transaction between two parties, who are not in court at all; a question of debt, pure and simple, for services rendered. For the recovery of this debt the attorney

has the right, if he sees proper, to bring an action in an-
other forum, and to have his claim passed upon by a jury.
If there is any different method prescribed by the law for
collecting attorney's fees in divorce cases than is prescribed
in any other character of suits, I am not aware of it; I
do not think there is or can be any. But the judge, by
his action in this case, deprives the petitioners of rights
heretofore undisputed; and ignoring the notice that the
statute gives to litigants, compels them to come before him
in five days, and submit their claim to him for adjudica-
tion. It makes no difference in principle, and cannot
extend the jurisdiction, that the object of the court was to
ascertain the amount of the lien on the judgment. The
notice of lien stated that; and the judge had no more
right to determine the validity or extent of that lien than
he had the reasonableness of the attorney's fee. The law
gives the attorney a lien on the judgment for his services,
and it is not for the court to complain that a judgment
rendered in his court is tied up by a lien so that the funds
obtained cannot be distributed. The validity of such a
lien and the legality and justice of the claim upon which
the lien is based are questions to be decided in the action
to foreclose the lien. Such action may or may not be
brought before the judge who renders the judgment upon
which the lien is filed. Property is frequently tied up by
attachment and by different kinds of liens, all of which is
very inconvenient, doubtless, but which has to be submitted
to nevertheless; and I do not think the law allows any ex-
emption to property because it happens to be in the regis-
try of the court.

Our statute especially provides for the attachment of
property which is a fund in court. See § 20, p. 43, Laws
1885-6. And that lien is maintained or dissolved exactly
as other attachment liens are, viz., in an action brought to
recover the debt. Sec. 3286 of the code provides that—

"An attorney has a lien for his compensation . . .
upon a judgment to the extent of the value of any services

performed by him in the action, or if the services were rendered under a special agreement, for the sum due under such agreement, from the time of filing notice of such lien or claim with the clerk of the court in which such judgment is entered, which notice must be filed with the papers in the action in which such judgment was rendered, and an entry made in the execution docket, showing name of claimant, amount claimed and date of filing notice."

When this is done the lien attaches and the court need not concern itself further; it has rendered a judgment; that judgment is property belonging to the party in whose favor it is rendered—property made subject to a lien by special enactment; and the court has no more authority to interfere with such a lien than it has with a lien on any other property which has been adjudged to one of the parties litigant.    And as showing conclusively that it is not the intention of the statute for the court to summarily pass upon this question, the code in the two following sections, 3287 and 3288, points out the cases where the court may make a summary investigation and determination. That is where an attorney refuses to deliver either money or papers to the person from or for, whom he has received them in the course of professional employment, and claims a lien on them.    And under the maxim of *"expressio unius est exclusio alterius,"* the court plainly has no right to summarily proceed in any other instance.    Besides, such action of the court is in contravention of the general principles of law; it is an assumption by the court of an authority not vested in it by the law; it is subversive of the rights conferred on the citizen by law, and in my judgment can only be sustained on the theory that the court is not the creature, but the author, of the law.    The lien in this case was filed upon the judgment rendered.    The judge is attempting without authority of law to deprive the petitioners of a right granted them by the law, and should be prohibited.