[No. 12105.   Department Two.   March 1, 1915.]

FLORENCE MURPHY WILLSON, *Respondent*, v.
HERBERT E. WILLSON *et al., Appellants.*[1]

DIVORCE—GROUNDS—CRUELTY—EVIDENCE—SUFFICIENCY.   A decree
of divorce in favor of the wife on the ground of cruel treatment and
awarding custody of their child to her, is warranted where the evi-
dence shows that the husband was a man of ungovernable temper
and often applied to his wife language and epithets to which no
woman ought to be subjected, and though sharply contradictory,
tends to show that the husband from the start took a domineering
and uncompromising attitude toward his wife, displayed little tact
or consideration in his relations toward her, and sometimes threat-
ened physical violence, though never actually inflicting it.

SAME—DECREE — DISPOSITION OF PROPERTY — EVIDENCE — SUFFICI-
ENCY.   An award of one-half of defendant's real and personal prop-
erty, on decreeing a divorce in favor of the wife, should be modified
so as to give the wife a money judgment for $10,000, and $25 monthly
for the support of a minor child, where it appears that the property
was the husband's separate. property and consisted only of unpro-
ductive lands in Alaska and the state of Washington, worth about
$60,000; that a holding corporation had been formed by him, capi-
talized at $100,000, for the purpose of handling the same, that two-
fifths of the stock had been pledged for advances made, that the
property was of speculative value as well as unproductive, could not
be divided without loss, and would require careful management to
avoid dissipation, and that the best interests of the wife would be
subserved by awarding a definite sum in money rather than by an
award of one-half of the estate.

SAME—DECREE—ATTORNEY'S FEES.   An award of $1,000 attorney's
fees in decreeing a divorce to a wife in a hardly contested action in-
volving some $60,000 worth of property, in which the defendant had
interposed a cross-complaint, will be sustained on appeal as reason-
able.

Appeal from a judgment of the superior court for King
county, Humphries, J., entered January 31, 1914, upon
findings in favor of the plaintiff, in an action for divorce,
tried to the court.   Modified.

*Bates, Peer & Peterson,* for appellants.

*Miller & Lysons,* for respondent.

[1]Reported in 146 Pac. 615.

ELLIS, J.—This is an action for divorce. The complaint embodies three grounds of action, namely, cruel treatment, abandonment for more than a year, and personal indignities rendering the plaintiff's life burdensome. The facts relied upon were all set out with much particularity and detail. The prayer was for a decree of absolute divorce, for custody of the minor child, and for an award of so much of defendant's property as the court should find the plaintiff entitled to for the support of herself and the child. The answer denied generally all of these allegations of fact and interposed a cross-complaint averring cruelty and personal indignities towards the defendant on the plaintiff's part, and prayed that the plaintiff's complaint be dismissed, that a divorce be granted to the defendant, and that the court make such order for the care, custody and support of the child as might to it seem just and proper.

The parties were married in the city of Seattle on January 4, 1911. They have one child, a boy born October 10, 1911. They lived together until April 6, 1912, when the plaintiff, with defendant's consent and on his agreement to pay her $40 a month for the support of herself and the child, returned to her mother's home in Seattle, where she and the child have since remained. The evidence shows that, at the time of the marriage, the defendant owned as his separate property, real estate in and near Tacoma, Washington, and at Cordova and Fairbanks, Alaska, of an estimated value of something near $60,000; that it is largely unimproved and unproductive, and its ultimate value will be dependent upon judicious management. Some of the property is incumbered. There is no satisfactory evidence that the property has been materially increased since the marriage.

In October, 1911, the defendant with one Boone incorporated the Willsonia Investment Company as a holding corporation for the defendant's property, with a capitalization of $100,000, consisting of 1,000 shares of a par value of $100 each. The defendant conveyed to this corporation all

of his property in exchange for its capital stock, and plaintiff joined in these conveyances. All of the stock, save one share issued to Boone, was issued to the defendant. Prior to the formation of this corporation, Boone had loaned to the defendant $5,500, which was used in the conservation of the property, and as security therefor and for contemplated future advances, the defendant transferred to Boone four hundred additional shares. Subsequently Boone advanced to the defendant $1,755.70. The court found, upon what we deem sufficient evidence, that the defendant was indebted to Boone at the time. of the trial in the sum of $7,255.70, and that Boone holds the four hundred shares of stock as security therefor. Boone himself so testified.

The court found specifically nearly all of the facts as alleged in the complaint in support of the charges of cruelty and abandonment against the defendant, made no finding touching the charge of personal indignities, dismissed the defendant's cross-complaint, and concluded that the plaintiff was entitled to a decree of divorce, that she was entitled to the custody and care of the child, subject to the right of the defendant to visit it at the home of her brother in the city of Seattle twice each month, that she was entitled to one-half of all of the property, both real and personal, belonging to the defendant, and to $1,000 to be paid to her attorneys for their services in the action. The decree went accordingly and, in addition, reserved to the court continued jurisdiction over all of the property with the right to make "such supplemental decree as shall be necessary in the premises for the proper husbanding, protection and distribution of the same." The defendant appealed.

Synthetically stated, the appellant's contentions are:

(1) That the findings of cruelty and desertion were not supported by the evidence; (2) That the division of the property was inequitable, not for the best interest of either of the parties, and that the court had no power to continue its

control of the same for the purpose of husbanding and distribution.

I. Touching the grounds of divorce, the evidence is voluminous. The abstract of record comprises almost four hundred pages of printed matter. It presents a tale of mutual fault finding, disagreements and bickerings, a review of which would lengthen this opinion to no useful end.

The findings of fact are much more denunciatory of appellant's conduct than is warranted by the evidence, and find many specific incidents of cruelty, some of them upon meager evidence. We are, nevertheless, clear that the finding to the effect that the appellant is a man of ungovernable temper and often applied to respondent language and epithets to which no woman ought to be subjected, was sustained by a fair preponderance of the evidence. We cannot say that the finding to the effect that the appellant while in anger had more than once threatened physical violence was not fairly established, though we do not believe that he ever committed actual violence, as found by the trial court. The evidence was sharply conflicting on all of these matters, but a careful consideration of the whole of it leaves the distinct impression that the appellant from the start took a domineering and uncompromising attitude towards the respondent and has displayed little tact or consideration in his relations to her. The evidence makes it equally clear that the respondent was not wholly free from fault. Her condition during most of the short period while the parties lived together offers some excuse for petulance and discontent, and should have moved the appellant to the exercise of a kindness and forbearance which the record fails to disclose. Upon the entire record, we cannot say that the respondent is not entitled to a decree of divorce upon the grounds of cruelty, and to the care and custody of the child. We are of the opinion that the appellant's cross-bill was properly dismissed for lack of sufficient sustaining evidence. In these matters the decree must be affirmed.

II.   The disposition of the property presents a much more difficult question.   While we have often held that the jurisdiction of the court in such cases is a continuing one, to the end that the welfare of minor children may be subserved throughout their minority, we know of no precedent for the action of the trial court in effect constituting itself the receiver or curator of the entire estate.   It is clear that practically all of the property is of a problematical speculative value and of a nature to require careful management to avoid dissipation and loss.   There is no evidence that the appellant is not competent to this task.   It is manifest that, during the minority of the child, the respondent will need money rather than unproductive speculative property.   Considering the nature of the property and the practical difficulty of so managing it as to produce any present income, we are satisfied that the interests of all concerned, and especially of the respondent and the child, will be better subserved by awarding to the respondent a definite sum in money to be paid at stated intervals and making the same a charge upon the stock and assets of the corporation, and a sum payable monthly for the child's support, than by giving her one-half of the entire estate in specie.   For such course we are not without ample precedent.   *Gust v. Gust,* 78 Wash. 414, 139 Pac. 228; *Sullivan v. Sullivan,* 52 Wash. 160, 100 Pac. 321; *Powell v. Powell,* 66 Wash. 561, 119 Pac. 1119; *Brogna v. Brogna,* 67 Wash. 687, 122 Pac. 1.

Some of the assets of the corporation are incumbered. Part of the stock has been pledged for debts and advances. We are satisfied that it cannot be divided without loss.   The case is here for trial *de novo.*   The evidence is all before us for a review.   We are of the opinion that the decree should be modified so as to give to the respondent a judgment against the appellant for $10,000, payable $2,000 in three months from the entry of the decree, $3,000 in six months after the first payment, and $5,000 in six months after the second

payment, none of these sums to bear interest until after maturity; that there should also be awarded to the respondent the sum of $25 a month for the maintenance of the child during its minority, payable into the registry of the court on the 15th of each and every month from and after the entry of the decree; that there be allowed to respondent's attorneys the sum of $1,000 as an attorney's fee, which under the circumstances of this case we find reasonable, which sum shall be paid by the appellant within three months after the entry of the decree, without interest; that all of these charges, save the monthly payments for the child's support, be declared a lien on all of the stock and assets of the corporation, subject to any existing incumbrances thereon and subject to the pledge of the four hundred shares of stock in favor of Boone. The decree should also provide that appellant be permitted to visit the child at some suitable place other than the residence of any of respondent's relatives twice each month. The respondent may recover her costs.

The cause is remanded with direction that the decree be modified to conform to this opinion.

CROW, MOUNT, MAIN, and FULLERTON, JJ., concur.