[No. 12238.  Department Two.  June 21, 1915.]

MAY E. WILLIAMS, *Respondent*, v. PARIS A. WILLIAMS, *Appellant.*[1]

APPEAL—REVIEW—FINDINGS. Findings upon conflicting evidence will not be disturbed on appeal, where on trial *de novo*, the supreme court is unable to say that the evidence does not preponderate against them.

DIVORCE—DIVISION OF PROPERTY — EVIDENCE — SUFFICIENCY. Upon granting a divorce to a wife on the ground of cruelty and failure to properly provide for her and the children, an award to the wife of property of the value of $24,800, leaving the husband property of the value of $71,500, will be upheld, where consideration of the needs and circumstances of the parties appears to warrant the division, and the trial court had the advantage of seeing the parties and hearing them testify.

Appeal from a judgment of the superior court for King county, Humphries, J., entered March 9, 1914, upon findings in favor of the plaintiff, in an action for divorce, tried to the court. Affirmed.

*Byers & Byers*, for appellant.

*Beeler & Sullivan*, for respondent.

CROW, J.—This is an action for divorce, commenced by May E. Williams against Paris A. Williams. From a decree in plaintiff's favor, the defendant has appealed.

On August 30, 1910, appellant, then sixty-two years of age, and respondent, then thirty-six years of age, after a brief courtship, were married in Seattle, Washington. Both parties had been previously married and had children. Ap-

[1]Reported in 149 Pac. 342.

pellant has large property holdings in this state and in the state of Nebraska. Respondent owned six acres of land near Lake Washington, which were disposed of as hereinafter stated. Subsequent to the marriage, appellant built a residence on certain lots in the city of Seattle, which he conveyed to respondent and which they occupied as a home. Respondent commenced this action on July 26, 1913. After hearing the evidence, the trial judge, in substance, found, that appellant had been guilty of cruel and inhuman treatment towards respondent; that he had been guilty of personal indignities rendering her life burdensome; that he was stingy, miserly, penurious and quarrelsome; that, during their entire married life, he had provided respondent with but one blue serge suit and one dress; that, on one occasion, when she asked for money to purchase needed underwear for herself and her adopted daughter, he grudgingly offered her one dollar and a car ticket for that purpose, and that appellant was wholly wanting in human sympathy and failed to show any love or affection toward respondent. Other instances of conduct on appellant's part tending to support the allegations of the complaint were stated in the findings.

The trial judge further found that, prior to their marriage, respondent owned some household goods and furniture which were used by the parties throughout their married life; that she also owned the six-acre tract of land above mentioned, located about three-fourths of a mile from Woodinville, which was sold at the value of $1,200 in exchange for and part payment on an automobile which the parties purchased for $2,400; that appellant owned 860 acres of tillable land in four separate tracts in the state of Nebraska, of the total value of $70,000, subject to mortgages amounting to $13,500; that he owned certain unincumbered city property in Nebraska of the value of $2,500, and that he owned the following real estate in the state of Washington:

A.   Lots 5 and 6, in block L, of William M. Bell's Fifth addition to the city of Seattle, situate at the southeast corner

of Fourth avenue and Battery street, designated in the record as the Battery street property, of the approximate value of $30,000, subject to a mortgage of $5,000 and special assessments for about $11,681, the net value of the property over and above incumbrances being $13,319.

B.    The east 65 feet of the south 10 feet of lot 6, and the east 65 feet of lot 7 in block 46, Terry's First addition to the city of Seattle, designated in the record as the James street property, located at the northeast corner of Seventh avenue and James street, of the approximate value of $20,000, subject to a mortgage of $7,500, the net value over and above the incumbrance being $12,500.

C.    Lots 1 to 22, inclusive, of block 6 of Burns' addition to the city of Seattle, designated in the record as the Green Lake property. Lots 1 to 18 are vacant and unimproved. Lots 19 to 22, inclusive, are the property on which the home is located where appellant and respondent resided at the time of the commencement of this action. The aggregate value of the lots 1 to 22, together with the house and household goods and effects, approximates $16,000, subject to a mortgage of $6,000, the total value over and above the incumbrances being $10,000. This is the property upon which the residence was built by appellant, and which was conveyed by him to respondent.

D.    One hundred and sixty acres of land in sections 25 and 30, in township 22, north of range 1, in Pierce county, Washington, designated as the Pierce county property. This property is of the value of $1,800, subject to taxes and assessments amounting to $300, leaving a net value of $1,500.

The trial judge further found that $2,000 is a proper and legal allowance to be made to respondent for attorney's fees, in addition to $250 allowed at the commencement of the action; that, in the event of an appeal, $250 is a proper and legal amount to be allowed respondent as suit money therefor, and that $10 per week is a proper and legal amount to be allowed her pending such appeal.

Upon these findings, the trial judge entered a decree, granting a divorce to respondent and awarding her, as her separate estate, the household goods, the automobile, the Green Lake property, the Battery street property, and the Pierce county property, an attorney's fee of $2,000, $250 suit money in case of an appeal, and $10 per week pending such appeal. The real estate thus awarded to respondent was found to be of the approximate value of $24,819 over and above incumbrances. All of the Nebraska property and the James street property, of the value of about $71,500 over and above incumbrances, were awarded to appellant, it being provided, however, that respondent should have a lien on the James street property for the attorney's fee and the further allowance made in the event of an appeal.

Appellant makes numerous assignments of error, some predicated on the rejection and admission of evidence. We have only considered evidence which we regard as competent and admissible, and find that no evidence was excluded to appellant's prejudice. After a careful examination of all the evidence, which is conflicting, we are unable to conclude, upon a trial *de novo*, that it does not preponderate in favor of the findings made by the trial judge, which we now sustain.

Appellant's principal contention is that the allowances made to respondent are excessive and that the same should be materially reduced. At first blush, it might seem that the allowance is liberal, but when we come to examine the entire record, we fail to see that we could make any material change and find support in the record for so doing. The evidence shows that, prior to their marriage, appellant agreed, not only to make ample provision for respondent, but also to educate her son and her adopted daughter, both of whom were minors; that he entirely failed to do so, with the exception that he gave the daughter a few months' schooling; that the son was compelled to earn his living, paying board to appellant, and that he also provided clothing and other assistance for his mother. Respondent at all times seems to have con-

ducted herself as a dutiful and faithful wife. She faithfully attended to her household and domestic duties, and no serious complaint is made of her conduct in any regard. She has a young son and adopted daughter. Appellant's children are all grown and of mature years. He still has property of great value, capable of producing a good income. The property awarded to respondent is burdened with heavy incumbrances. After she cares for them her income will be materially limited. Only by prudent management and the exercise of economy will she be able to discharge the liens and protect her equities. An award of money to respondent in lieu of the real estate might do appellant a serious injustice, compelling him to sacrifice considerable property to make payment. In view of the fact that the trial judge saw the parties, heard them testify, knew their respective needs and resources, and made such a division as to him seemed just and proper, we have concluded, after a careful examination of the evidence upon a trial *de novo*, that we will not disturb the award which he has made.

The judgment is affirmed.

Morris, C. J., Ellis, Main, and Fullerton, JJ., concur.