[No. 18805. Department Two. December 10, 1924.]

VIOLET HELEN NELSON, *Respondent*, v. WILLIAM O. NELSON *et al., Appellants.*[1]

DIVORCE · (80)—DIVISION OF PROPERTY—SOURCE OF TITLE. In making a division of the property on awarding a divorce, it is immaterial whether the property is community or separate property, and an equitable provision for the wife and children will be sustained regardless of its source.

PLEADING (67)—NECESSITY FOR REPLY—NEW MATTER. Objection cannot be made in that an affirmative defense had not been replied to, where the same defense, made by former attorneys, had been replied to, and the answer in question by substituted attorneys had been filed without obtaining permission to do so.

Appeal from a judgment of the superior court for King county, Card, J., entered January 4, 1924, upon findings in favor of the plaintiff, making a division of the property on awarding a divorce. Affirmed.

*C. J. Smith* and *John T. Casey,* for appellants.

*Egan & Moriarty,* for respondent.

MACKINTOSH, J.—The respondent and W. O. Nelson were married in 1914, and as a result there are four children, the oldest one being seven years of age. At the time of the marriage, Nelson was the owner of considerable property, which he placed in the name of the corporation called the Seattle Safety Investment Co., of which he held all the stock except a few shares issued for the purpose of qualifying directors.

In 1915, respondent sued for divorce. The cause was not brought to trial, but the controversy was settled and in the settlement the property which was involved in this case was deeded to the respondent, subject to a mortgage. The respondent failed to pay the mort-

[1]Reported in 230 Pac. 819.

gage, which was foreclosed, and the sheriff sold it to the mortgagee. Thereafter Nelson raised sufficient money to purchase the sheriff's certificate of sale, and the property was deeded to Nelson's sister, the appellant Florence Colby.

In 1921, respondent brought another action for divorce against Nelson, wherein she was awarded a decree; and in the property settlement between them, the respondent quit-claimed all her interest in the property here in controversy. Later the parties re-married; and respondent began this final action of divorce in October, 1922, which resulted in a decree of divorce and the granting to her of the property, being lot 6, block 7, Madison Street addition to Seattle.

The court found that the property which belonged to Nelson at the time of his first marriage to the respondent had been conveyed to the Seattle Safety Investment Company for the purpose of placing it beyond the reach of his creditors; that the corporation was Nelson's alter ego; that, after the property had been awarded to the respondent, the mortgage was foreclosed and the property purchased at the sheriff's sale and a certificate of purchase acquired by Nelson, either with separate funds or funds of the community, and assigned to Florence Colby, as trustee for Nelson; but that,

"At all times subsequent to the purchase of said certificate of purchase from the said Castle, the said W. O. Nelson exercised control over said property and held himself out to the public as the owner of it," and held the assignment of the sheriff's certificate to Florence Colby, and deed to her in pursuance of that certificate,
"        .        .        .        were made at the instance of the said defendant W. O. Nelson for the purpose of defrauding plaintiff and the four minor children of the

plaintiff and the defendant W. O. Nelson, and the same was and is void and the said property should be awarded by this court to plaintiff Violet Helen Nelson.''

The briefs and arguments of both parties to this appeal have been devoted largely to the consideration of the question whether this property was the property of the respondent or Nelson at the time the last divorce action was begun; whether the husband, by fraudulent and devious means, had divested the respondent of title to the property which she had acquired in settlement of one of the former divorce suits. It is strenuously contended by the respondent that the purchase of the sheriff's certificate of sale by her husband was out of the earnings of the community; while appellant as strenuously contends that Nelson acquired the certificate of purchase from funds raised out of his separate property. But, as we view it, this question need not be considered. It is unnecessary to follow the complicated transactions in which the title to this property is involved. From a reading of the entire record, we are satisfied the court arrived at a correct disposition of this property, and it is unnecessary to determine whether the court arrived at that conclusion upon one theory or another, so long as the conclusion is correct. This court, soon after its organization, in *State ex rel. Trumbull v. Sachs,* 3 Wash. 371, 28 Pac. 540, laid down the principle which has been followed unhesitatingly in all divorce actions from that day to this, that,

''It seems clear to us that, whatever may be the rule in an ordinary case, in a divorce case the court must be held to have complete jurisdiction to dispose of such moneys as it may think just under all the circumstances.''

When a husband and wife come into court for the purpose of securing a divorce, they bring in with them

all their property, real and personal, community and separate, and place it before the judge who, when he awards the divorce, is to make an equitable disposition of the property. In the case before us, we have a wife with four small children, and a minute scrutiny of the testimony is not necessary to convince us that she should have the title to this piece of property, no matter whether it may have been acquired from community or separate funds. The conclusion of this court was eminently correct, and will not be disturbed, even though it may be true that Nelson redeemed this property out of his separate funds.

This disposition of the major portion of the appellants' assignment of errors makes it unnecessary to discuss the question of whether oral evidence was improperly admitted, and the questions raised under the head of *res adjudicata*.

Objection is made that the trial of the case was improperly held in that a continuance was refused. The record shows that no proper showing was made for a continuance, and we are satisfied that the court properly called the case and put it upon trial.

Objection is also made that the affirmative defense tendered by the appellants had not been met by the respondent. The record discloses, however, that the attorneys then appearing for the appellant served and filed an answer which was replied to by the respondent; and that thereafter, when present counsel for the appellant were substituted, they filed another answer for the appellants, to which no reply was tendered. This second answer was filed without permission having been given so to do, and tendered no issue other than that presented by the original answer, and under the circumstances the reply to the original answer was sufficient.

Finding no error in the record, the judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and FULLERTON, JJ., concur.