[No. 18852.   Department Two.   December 10, 1924.]

FLORENCE J. COLBY, *Appellant*, v. VIOLET HELEN NELSON, *Respondent*.[1]

REPLEVIN (8)—RIGHT OF ACTION—STRENGTH OF PLAINTIFF'S TITLE. An action of replevin for personal property in a certain building, covered by a bill of sale from defendant's husband, must fail, where it is proven that the property in question was not in the building when the bill of sale was given, having been subsequently acquired.

CONTINUANCE (2)—RIGHT TO, IN GENERAL. Error cannot be assigned on the refusal to grant a continuance for the purpose of securing testimony which was produced on a day to which the trial was continued, no sufficient motion being made on any other ground.

APPEAL (458) — EXCLUSION OF EVIDENCE — FACTS OTHERWISE ESTABLISHED. The striking of testimony is harmless error where there was ample other evidence to sustain the judgment.

GIFTS (8-1)—EVIDENCE—ADMISSIBILITY—STATEMENTS OF DONOR. The declarations of the donor may be shown by the donee for the purpose of establishing the gift.

Appeal from a judgment of the superior court of King county, Card, J., entered January 4, 1924, upon the verdict of a jury rendered in favor of the defendant, in an action of replevin. Affirmed.

*C. J. Smith*, for appellant.

*Egan & Moriarty*, for respondent.

MACKINTOSH, J. — This case revolves around the marital infelicities of W. O. Nelson and his former

[1]Reported in 230 Pac. 629.

wife, the respondent in this case, which is the subject matter of the case of *Nelson v. Nelson, ante* p. 646, 230 Pac. 819. This is an action begun by the appellant, who is the sister of W. O. Nelson, seeking to replevin certain household furniture which she claims was unlawfully in possession of Mrs. Nelson, the respondent. The testimony shows that Mrs. Nelson was evicted from the property referred to in *Nelson v. Nelson, supra;* and at the time she was so evicted, she took with her the household furniture from the building situated on that property which the appellant now claims to own.

The claim of ownership is based upon her alleged title as trustee for two of the children of W. O. Nelson by a former marriage. She claims that Nelson, or his company, the Seattle Safety Investment Company, in July, 1921, transferred to her the personal property then located in the Madison Street addition property, and that it belonged to W. O. Nelson by virtue of the provisions of the divorce decree entered in June, 1921. It is Mrs. Nelson's claim that none of this household furniture was in the Madison street property at the time of the conveyance to the appellant, but was property which was subsequently acquired by Nelson and herself when they had returned to live together as husband and wife; and her testimony to this effect is substantiated by proof which was satisfactory to the trial court of the purchase from various people of this secondhand furniture, the testimony showing that some of the property was bought in July and August, 1922.

The testimony is conclusive that none of the furniture which the appellant is claiming was covered by the bills of sale to her in July, 1921, for it was not then located on the premises. This would be sufficient to

defeat the appellant's claim to the property; for her right to recover must rest upon her title and not upon lack of title in the party who has it in possession. The testimony warranted the court in determining that the property actually belonged to the respondent, and that it had either been purchased by community funds or had been given to her by her husband while they were living together. It is unnecessary to determine that the conveyances to the appellant were fictitious and made for the purpose of defrauding the respondent and Nelson's creditors, although the testimony strongly indicates that to be the true state of facts.

The appellant assigns error in the court's having refused a continuance. But the record shows that a continuance was granted for the purpose of securing testimony which was produced on the day to which the trial was continued, and no proper motion was made for continuance on the ground now alleged.

Error is also assigned on the striking of testimony of a witness for the appellant, but even if that evidence is allowed to stand in the record the result would not be different than that reached by the court.

Objection is also made to the court's having allowed the respondent to testify to the fact that her husband had made a gift to her of the property in suit, but this testimony was admitted under the general rule which is stated in 28 C. J. 675 that:

"The declarations and admissions of a donor, either before or after the alleged gift,  .  .  .  are admissible, as bearing on his intention, for the purpose of establishing the gift, as corroborative of other testimony."

*Union Securities Co. v. Smith,* 93 Wash. 115, 160 Pac. 304, Ann. Cas. 1918E 710; *Volz v. Zang,* 113 Wash. 378, 194 Pac. 409.

Objection is also made to the form of the judgment, but we find no error in this regard, and the case having been properly determined, the judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and FULLERTON, JJ., concur.