[No. 19744. Department Two. July 30, 1926.]

FLORENCE JONES, *Respondent,* v. ELIAS P. JONES, *Appellant.*[1]

[1] DIVORCE (36)—CRUELTY—EVIDENCE—SUFFICIENCY. A divorce on the grounds of cruelty is sustained by evidence of general ill treatment, and the fact that defendant abandoned the plaintiff to live for some time with another woman.

[2] SAME (80)—DISPOSITION OF PROPERTY—DIVISION BETWEEN SPOUSES. In granting a divorce to a wife, a husband cannot complain of the award of less than half of the separate and community property, considering his greater earning power and the fact that the property was partly derived from the wife's estate.

Appeal from a judgment of the superior court for King county, Hall, J., entered June 17, 1925, upon findings in favor of the plaintiff, granting an inter-

[1]Reported in 248 Pac. 57.

locutory decree of divorce, after a trial to the court. Affirmed.

*Edgar S. Hadley,* for appellant.

*William A. Gilmore,* for respondent.

PARKER, J.—The plaintiff, Mrs. Jones, commenced this action in the superior court for King county seeking a decree awarding her a divorce from the defendant, and incidental thereto, such alimony and property rights as shall appear just. A trial in that court upon the merits resulted in findings and an interlocutory order and decree adjudicating her entitled to a divorce and awarding her alimony and property rights, from which the defendant has appealed to this court.

Mr. and Mrs. Jones were married in this state in the year 1918, and have ever since then resided in this state. They were then each of the age of approximately thirty-five years. They lived together over six years following their marriage. At the time of their marriage, the plaintiff had property and money of the value of approximately $2,250, which soon thereafter she turned over to the defendant. This, with approximately $3,000 which he borrowed, was invested by them in an apartment house which they operated for some time and treated as a joint, or community, business and property. This property seems to have passed through several transformations, and at the time of the trial apparently consisted of a house boat on Lake Union in Seattle of the value of approximately $600, some furniture, an automobile, and an established real estate business which the defendant was, and had been for some time, profitably conducting. At the time of the trial the defendant had an undivided one-half interest in a residence property, which interest was of the value of approximately $4,500, an undivided one-half interest in another residence property, which interest

was of the value of approximately $2,000, and the entire interest in eighty acres of land of the value of approximately $3,200; that is, he then had separate property of the value of approximately $9,700. The defendant's earning power in the real estate business was, at the time of the trial, and had been for some time previous, approximately $3,000 or more per year. The extent of the plaintiff's earning power is not shown, though it is shown that she is an embalmer of some experience and is capable of earning wages in that capacity. There are no children to be provided for.

[1]  The interlocutory order, adjudging the plaintiff to be entitled to a divorce from the defendant, was rendered upon the ground of cruelty inflicted upon her by the defendant. Some contention is made that the evidence does not support this contention, but we are well satisfied that the evidence was ample, not only to support such adjudication upon this ground, but also that the cruelty inflicted by the defendant upon the plaintiff consisted not only of abuse in the way of language and ill treatment generally, but also in his abandoning the plaintiff and living for some considerable time prior to the trial of this action away from the plaintiff with another woman. We conclude that the contention here made in behalf of the defendant that the evidence did not support the awarding of a decree in favor of the plaintiff upon this ground is wholly without merit.

[2]  The real controversy here, it is apparent to us, is one over the property rights of the parties, that is, over the claim made in behalf of defendant that the award of alimony and property to her is excessive. Following the adjudication that the plaintiff is entitled to a divorce, the interlocutory order and decree awards to the plaintiff against the defendant judgment in the

sum of $2,500, also judgment against him for the sum of $40 per month for a period of twelve months, that is, $480 to be so paid by such periodical installments, and also $300 attorney's fee; thus awarding to the plaintiff the total sum of $3,280; and decreeing these awards as liens upon the defendant's real property above mentioned. The plaintiff was also awarded the house boat and certain household furniture, leaving to the defendant the automobile and the real estate business. It will thus be seen that the plaintiff is awarded in value much less than half the total value of their community and separate properties. Manifestly, the award of alimony and the division of property in divorce actions must, of necessity, be done in the light of all the surrounding circumstances. In other words, it becomes a matter of judicial discretion resting in the trial court. In § 989, Rem. Comp. Stat. [P. C. § 7508], we read:

"In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, . . ."

Having regard to the respective merits of these parties; the condition in which they will be left, particularly as to their respective earning powers; and to the source from which their property has been derived; it seems plain to us that it cannot be said that there is any substantial ground for this court holding that the trial court abused its discretion in making the awards of alimony and property rights by the interlocutory order and decree here on review. That order and decree is, therefore, in all things affirmed.

TOLMAN, C. J., MACKINTOSH, ASKREN, and MITCHELL, JJ., concur.