· [No. 21035.  Department One.  April 3, 1928.]

ALVENA LEONHARD, *Respondent,* v. GEORGE LEONHARD,
*Appellant.*[1]

[1] DIVORCE (80)—DIVISION OF PROPERTY—SOURCE OF TITLE.  In de-
creeing a divorce, the court may make a division of the separate
properties of the parties, regardless of its source, as well as of
the community property.

Appeal from a judgment of the superior court for
King county, Kinne, J., entered June 4, 1927, upon
findings in favor of the plaintiff, making a division of
the property on awarding a divorce.  Affirmed.

*Greene & Henry* and *J. E. McGrew (Chas. H. Heigh-
ton,* of counsel), for appellant.

*Shorett, McLaren & Shorett* and *Edward R. Taylor,*
for respondent.

PARKER, J.—The plaintiff, Mrs. Leonhard, com-
menced this action in the superior court for King
county, praying for a decree of divorce from the de-
fendant, Mr. Leonhard, upon the ground of cruel treat-
ment and personal indignities, and that equitable
division be made of all their properties.  The defend-
ant answered and cross-complained, praying for a de-
cree of divorce from the plaintiff upon substantially
the same ground; that all his separate property be
awarded to him; and that her separate property only
be awarded to her.  Both parties proceeded upon the
assumption that they had no community property of
any consequence.  Trial upon the merits resulted in
findings and an interlocutory decree of divorce being
awarded to the plaintiff, awarding to her all of her
separate property and awarding to her a substantial

¹Reported in 265 Pac. 1118.

interest in the defendant's separate property. From this disposition of the case in the superior court, the defendant has appealed to this court.

At the time these parties separated in December, 1926, they had been married to each other approximately four and one half years. Respondent, Mrs. Leonhard, was then fifty-two years old, and appellant, Mr. Leonhard, was then fifty-four years old. She had never been married. He had been married and separated from his former wife by a decree of divorce. The trial court found, in substance, appellant to have been guilty of cruel treatment and personal indignities to respondent, as the cause of her leaving their home, such as to entitle her to be awarded a divorce, and without substantial fault on her part.

Respondent, at the time of the marriage, had a small millinery business which she sold soon thereafter, and also possessed other property of some considerable value. She has not since then been engaged in any earning business or occupation other than aiding appellant in the management of an apartment house owned by him, which she seems to have done in a helpful manner. He is a man of apparently considerable business qualifications; she also seems to have some such qualifications, but manifestly has much less money earning qualifications than he has. At the time of the trial, her property had increased somewhat in value, he having aided her therein, as she had aided him in the management of his apartment house. Her separate property at the time of the trial, as found by the court, was of the approximate value of $7,000. His separate property at the time of the trial, as found by the court, was of the approximate value of $70,000.

[1] By the decree, respondent was awarded her separate property, and was also awarded a money judgment against appellant in the sum of $13,000,

which he was privileged to satisfy to the extent of $8,000 by conveying to her title to certain described property owned by him in Seattle of that approximate value, and was also privileged to further satisfy the judgment to the extent of $1,500 by conveying to her title to certain other described property owned by him in Seattle of that approximate value; and so reduce the money judgment against him to $3,500. Thus, of the whole of the properties of both, of the approximate total value of $77,000, respondent was awarded property of the approximate value of $20,000, and appellant was awarded property of the approximate value of $57,000.

It is contended in behalf of appellant that the evidence called for the awarding of the divorce to him instead of to respondent; that is, that she, and not he, was proven to be at fault in the cruelty and indignities resulting in their separation. We have painstakingly read the evidence, and even reading it in cold type we are inclined to agree with the trial judge upon this question. At all events, we are clear that the evidence does not preponderate against the trial court's finding on this question. There is considerable conflict in the evidence, and the trial judge's opportunity to see and hear the witnesses testify, and the manifest atmosphere of the case, gave him much better opportunity to determine the truth than we have. To discuss the evidence in detail in this opinion would serve no useful purpose. The story in detail, like most of its kind, is best left out of our printed reports, unless there be some special reasons to the contrary, which are not present here. We conclude that the trial court did not err in awarding to respondent the divorce upon the theory that the fault lay with appellant.

It is contended in behalf of appellant that, in any event, respondent was not so free from fault as to

entitle her to be awarded such a proportional interest
in his separate property as was decreed in her favor.
We cannot see our way clear to disturb the disposition
of the property rights of the parties as made by the
decree, having regard to the respective merits of the
parties, to the condition in which they will be left by the
divorce, and to the respective parties through whom
the properties were acquired; as we are admonished
to do by Rem. Comp. Stat. § 989 [P. C. § 7508], re-
lating to the disposition of property of parties in di-
vorce actions. Such questions are not determinable
by any rule of law less general than this statutory
rule. We think the evidence fairly supports the find-
ings as to the respective valuations of the property of
each party, as well as the finding of fault in appellant.
The following of our decisions, we think, are in har-
mony with the conclusion we here reach: *Willson v.
Willson*, 84 Wash. 240, 146 Pac. 615; *Williams v.
Williams*, 86 Wash. 113, 149 Pac. 342; *Fitzpatrick v.
Fitzpatrick*, 105 Wash. 394, 177 Pac. 790; *Hughes v.
Hughes*, 118 Wash. 262, 203 Pac. 376; *Jones v. Jones*,
140 Wash. 90, 248 Pac. 57. Our decisions in *Nelson v.
Nelson*, 131 Wash. 646, 230 Pac. 819, and *Logan v.
Logan*, 141 Wash. 62, 250 Pac. 641, are of particular
interest in this connection as showing that separate
property of the losing party may be awarded to the
successful party as well as the making of equitable
division of the community property.

The decree is in all things affirmed.

MACKINTOSH, C. J., TOLMAN, MITCHELL, and FRENCH,
JJ., concur.