[No. 156. Decided June 8, 1891.]

## SARAH A. WEBSTER v. DAVID H. WEBSTER.

### DIVORCE — DIVISION OF PROPERTY.

In granting a divorce the court has power, under the statute of this state (Code 1881, § 2007), to make such division of the joint and separate property of husband or wife as shall, in its discretion, appear just and equitable.

*Appeal from Superior Court, King County.*

Suit for divorce by David H. Webster against Sarah A. Webster. Defendant answered and also filed a cross-complaint upon which a decree of divorce was rendered. The court made, among others, the following finding of facts:

"IV. That the following property, to wit: All of lot two and a strip three feet wide off of the north side of lot

27 — 2 WASH.

three in block seven, in Boren and Denny's addition to Seattle, is part and parcel of two lots originally purchased on or about the 24th day of July, 1869, at a time when the plaintiff and defendant were living together endeavoring to make a home, and providing for the future; that neither, at that time, had any money excepting that which was earned by the plaintiff in his daily vocation, excepting a small amount that the defendant, Sarah A. Webster, received from her half-brother; that whatever sums said defendant received from her brother, or otherwise acquired, were used and expended for the benefit of both in the household affairs; that the purchase money for said two lots was made by the plaintiff, and money of his own earning; that whatever improvements have been erected upon said lots, with the exception of the building known as the Webster building, were erected from money earned by plaintiff; that the Webster block has been erected from moneys received from a mortgage upon said realty; that at the time of making the final payment on said lots the deed was taken in the name of the defendant, Sarah A. Webster, but that the property was not deeded to her nor intended, nor was it understood at the time nor since, as a gift; that the property just referred to is of the value of $25,000, which enhanced value is by reason of the increase in value of real estate, and not from any particular act of either one of these parties, excepting as far as the building erected thereon adds to that value, the money for the erection of which was received from a mortgage thereon; that since their marriage they have also acquired and are now the owners of lots five and six in block four, in Robinson's addition to the city of Seattle."

Upon which finding of fact the court made the following conclusion of law, to wit:

"That said real property should be divided equally, share and share alike, subject to the debts, which should be paid in the same way."

The defendant and cross-complainant, Sarah A. Webster, excepted to the findings of fact, and conclusions of law, and from the judgment thereon appeals to this court.

*Richard Osborn,* and *Thompson, Edsen & Humphries,* for appellant.

*Jacobs & Jenner,* and *Ronald & Piles,* for appellee.

The opinion of the court was delivered by

DUNBAR, J.—The main question to be decided in this case involves the construction of § 2007 of the Code of Washington, which is as follows:

"SEC. 2007. In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, and shall make provision for the guardianship, custody and support and education of the minor children of such marriage."

This statute was passed in 1863, prior to the passage of the community property law, and has ever since been the law of the territory, and of the state. It is contended by appellant that this must be construed to mean that the court shall make such division of the joint property of the parties as shall appear just and equitable, and that the separate property of either spouse is not to be considered in making such disposition. We are unable to see how this construction can be sustained by any rule for the interpretation of statutes. The language of the statute seems to be plain and unambiguous, and the words must be given their ordinary meaning. The statute does not say that the court shall made such disposition "of their joint property," etc., but shall make such disposition "of the property of the parties." This language is comprehensive; it is an equitable division of the property rights of the parties that the court is authorized to make. One statute defines what separate property is, another what community property is,

and who shall have control of separate property, and who of real property, both separate and community; but these statutes relate to property rights during coverture. This statute, however, provides that when coverture is to be broken, and the marriage relations dissolved, that the parties shall bring into court all their property, and a complete showing must be made. Each party must lay down before the chancellor all that he or she has, and, after an examination into the whole case, he makes an equitable division. This view is strengthened, and it seems to me established beyond controversy by the succeeding provision of the section, "having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired." If the court has no jurisdiction over the separate property, and cannot take it into account in making the division, that portion of the statute which says it shall have regard to the party through whom the property was acquired, is meaningless. The law does not require an equal division of the property, but a "just and equitable" division, and as no general rule for a just and equitable division can be laid down, but each case must be adjusted according to its own merits and the particular circumstances surrounding it, the court investigates all the circumstances—(1) as to who is to blame, or, if neither party is blameless, the degree of blame to be attached to the respective parties; (2) who is the more proper party for the custody of the minor children, if any; (3) if there is a disposition of the property to be made, the manner in which it was acquired, whether derived principally from the husband or the wife, or by their joint exertions; the condition of the parties as to age and health, and a great many considerations which will necessarily enter into the discretion of the court in making the division. The separate property of the husband or the wife is simply a circum-

stance for the court to take into consideration in making the division.

This subject is now regulated very largely by statute, and there is great similarity in the statutes, all of them investing the court with large discretionary powers. In Iowa, under a statute substantially like ours, which provides that, "when a divorce is decreed, the court may make such order in respect to the children and property of the parties, and the maintenance of the wife, as shall be right and proper," it is held that, when a divorce is in favor of the wife, a part of the husband's lands may be set off to her to be held by her in fee simple. *Jolly v. Jolly,* 1 Iowa, 9. In Kentucky and Alabama, the courts have refused to divide the separate property of either spouse; but, in the statutes of each of those states which give the court substantially the same discretion that ours does, there is a special provision or saving clause, to the effect that "nothing herein contained shall be construed to authorize the court to compel either party to divest himself or herself of the title to real estate." This very provision is, at least, a legislative recognition that without it the court would have power to divest the title; and even these courts, in the exercise of their discretion, award the use of the separate estate of one spouse to the other for life. In Alabama the wording of the statute is, "The court pronouncing a decree shall order and decree a division of the estate of the parties in such way as to it shall seem just and right, having due regard to the rights of each party, and their children, if any;" with the provision quoted above. And the supreme court, in construing this statute in *Lovett v. Lovett,* 11 Ala. 763, says that the estate of the parties was the estate held by either husband or wife, or by them jointly.

We are clearly of the opinion that § 2007 of the code confers upon the court the power, in its discretion, to make

a division of the separate property of the wife or husband. With this view of the law of the case, and seeing no abuse of discretion by the court in its findings or conclusions, we are of the opinion that the judgment should be affirmed.

The point raised by the appellant, in regard to the refusal of the court to discharge the receiver after the appeal in this case had been taken, we think is not properly before us, and we have therefore not considered it.

Judgment of the lower court is affirmed.

ANDERS, C. J., and SCOTT, HOYT, and STILES, JJ., concur.