[No. 6139. Decided August 13, 1906.]

EDITH J. BUDLONG, *Respondent,* v. GEORGE E. BUDLONG, *Appellant.*[1]

DIVORCE — DIVISION OF PROPERTY — SEPARATE PROPERTY OF WIFE. Upon awarding a decree of divorce, it is the duty of the court to make an equitable division of all the property, separate as well as community, having regard to the condition of the parties and the party through whom it was acquired; and a decree awarding the wife $10,000 and the husband $1,000, will be modified, notwithstanding that a large part was the separate property of the wife, if it would be more equitable to allow the husband a larger share.

Appeal from a judgment of the superior court for King county, Hatch, J., entered December 20, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for divorce. Modified.

*P. P. Carroll* and *John E. Carroll,* for appellant.

*Robert A. Devers,* for respondent.

FULLERTON, J.—The respondent brought this action against the appellant for a decree of divorce, and for a division of the property owned by them. She recovered in the court below, and from the judgment entered this appeal is taken.

As to that part of the decree granting the divorce, we are not disposed to disagree with the conclusion reached by the trial court. We shall not, however, review the testimony which led the court to that conclusion. The story depicted is not an inspiring one, and no useful purpose would be subserved by reciting it at length in this opinion.

But we think the court did not make an equitable distribution of the property. The record shows, it is true, that a large part of the property was the separate property of the wife, but this does not require that she be awarded the property. By the code (Bal. Code, § 5723, P. C. § 4637), it is

[1]Reported in 86 Pac. 648.

made the duty of the court to make such disposition of the property of the parties as shall appear just and equitable, having regard to their respective merits, the condition they will be left in by the divorce, and the party through whom the property was acquired, but it is not doubted that all of the property, separate as well as community, is subject to the disposition of the court. *Webster v. Webster,* 2 Wash. 417, 26 Pac. 864; *Fields v. Fields,* 2 Wash. 441, 27 Pac. 267; *Morgan v. Morgan,* 10 Wash. 99. 38 Pac. 1054; *In re Cave,* 26 Wash. 213, 66 Pac. 425.

In this case, as we understand the record, the property awarded the wife exceeded in value, after deducting all incumbrances, the sum of ten thousand dollars, while that awarded the husband did not exceed one thousand. We think the husband was entitled to a greater proportion of the property than this, and that a more equitable division would have been to have allowed him, in addition to what was awarded him, the leasehold interest in lots one, two, and the north half of lot three, in block seventy-three, of Burke's Second addition to the city of Seattle, together with the boathouse erected thereon and the entire equipment belonging to the same, including the row and sail boats with their furnishings.

The judgment therefore will be reversed and remanded, with instructions to modify it so as to award to the appellant the above described property in addition to the property already awarded him in the decree. The property, however, will be awarded as of the date the remittitur from this court on this appeal reaches the trial court; the respondent being allowed the rents and profits of the business, if any, up to the time the modified decree is entered. Should it be shown that the respondent has disposed of any part of the property herein directed to be awarded the appellant pending this appeal, the appellant shall have judgment against her for its value. Neither party will recover costs.

MOUNT, C. J., RUDKIN, CROW, ROOT, and DUNBAR, JJ., concur.