[S. F. Nos. 4625, 4626, 4599, 4600.  Department Two.—March 15, 1907.]

JOHN A. PAXTON, Respondent, v. BLITZ W. PAXTON, Defendant and Appellant; BESSIE E. PAXTON, Defendant.

ROMA PAXTON, Respondent, v. The Same.

JOHN A. PAXTON, Respondent, v. The Same.

ROMA PAXTON, Respondent, v. The Same.

PARENT AND CHILD—DUTY OF PARENT TO SUPPORT ADULT CHILD—ACTION TO ENFORCE MAINTENANCE—JUDGMENT.—Under section 206 of the Civil Code the duty imposed upon parents to maintain their adult children who are poor and unable to maintain themselves by work is a legal duty, and creates a correlative legal right in the children

to have such maintenance, and they are proper parties to an action to enforce such right and compel the performance of such duty. Such right may be enforced by an action in equity, and in such action the court would have full jurisdiction to pronounce a judgment, reserving the power to modify it in the event that the changed conditions in the future should justly demand a modification.

ID.—ACTION TO ENFORCE STATUTORY RIGHT.—Where a right is given by statute without any prescribed remedy it may be enforced by any appropriate method recognized by the general law of procedure.

ID.—SUIT MONEY, COUNSEL FEES, AND MAINTENANCE PENDENTE LITE. —In an action to enforce the right given by section 206 of the Civil Code the court has power to make all orders necessary for that purpose, including orders for suit money, counsel fees, and maintenance *pendente lite.*

ID.—FATHER AND MOTHER AS DEFENDANTS — CHANGE OF VENUE.—A mother may be joined with the father as a defendant in an action by a child to enforce the right of maintenance, and where an action is brought in the county of her residence the place of trial will not ·be changed to the county in which the father resides if the mother does not join in the motion for the change.

APPEALS from orders of the Superior Court of the City and County of San Francisco allowing money for support, counsel fees, and costs *pendente lite.* Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

James W. Oates, and John M. Burnett, for Appellant.

Charles F. Hanlon, for Respondent.

McFARLAND, J.—These four appeals arise out of two actions commenced in the superior court—one by John A. Paxton against his father, Blitz W. Paxton, and his mother, Bessie E. Paxton, for maintenance, under section 206 of the Civil Code, and the other a similar action brought by Roma Paxton against the same defendants, who were also her parents. In each of the cases the court made an order allowing small amounts of money for support, counsel fees, etc., *pendente lite,* and from each of these orders the defendant Blitz W. Paxton appeals. In each of said actions said defendant made a motion for a change of venue from the

superior court of the city and county of San Francisco, in which the action was begun, to the superior court of the county of Sonoma, which is alleged to be the county of said defendant's residence. The motion in each case was denied, and from the denial of the motion in each case said defendant appeals. And these four appeals are presented by one transcript under stipulation of counsel. As respondents do not object to any one of these appeals as not taken from an appealable order, we have assumed that the appeals are all properly taken.

As the two actions are substantially the same, we will direct our attention particularly to the one brought by John A. Paxton. It was averred in the complaint in this action that the plaintiff, John A. Paxton, is the son of the defendant; that he arrived at the age of majority on August 20, 1904, and "ever since has been and now is an adult person, and a poor person, who is unable to maintain himself by work"; that he is an invalid and totally blind, and his sight has been permanently lost and cannot be cured; and that by reason of his being an invalid and totally blind he is unable to work or render any service by which he could support himself. It is further averred that each of the defendants is able financially to contribute to his support—the details of this personal ability being stated; that he demanded of each of them that they support plaintiff, and they refused to do so; that a certain sum of money monthly would be a reasonable amount for his maintenance; and that plaintiff was totally unable to proceed with the litigation unless paid certain sums of money *pendente lite* for support, counsel fees, etc. The prayer is for a temporary allowance of money *pendente lite,* and that each of the defendants support plaintiff to the extent of the ability of each as long as he shall live and continue unable to support himself by work, and for such other relief, etc. The complaint fully brings plaintiff within the provision of section 206 of the Civil Code, which is as follows:—

"§ 206. *Reciprocal duties of parents and children in maintaining each other.* It is the duty of the father, the mother, and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. The promise of an adult child to pay for necessaries previously furnished to such parent is binding."

After the commencement of the action, on application of plaintiff, the court made an order that defendants show cause on a named day why an order should not be made that defendants pay plaintiff certain money *pendente lite*. Defendant Blitz made various objections to the hearing of this application, but they were overruled, and after a hearing the court ordered said defendant Blitz to pay plaintiff, *pendente lite* fifty dollars per month for maintenance, ten dollars for costs, and one hundred and fifty dollars for counsel fees.

Defendant demurred to the complaint, and his main objection to said *pendente lite* order is that the complaint does not state a cause of action, and the court had no jurisdiction to entertain it; and if that be so, of course the preliminary order appealed from was unwarranted. The most important question in the case is therefore whether such an alleged cause of action as is set forth in the complaint can be maintained in this state.

It will be observed that section 206 of the Civil Code does not provide any procedure or machinery for enforcing its provisions, and no special procedure is prescribed elsewhere. On account of this absence of procedure appellant contends that there is no method by which section 206 can be judicially enforced. According to this contention said section is merely an ornamental enunciation of a moral principle which ought to be observed by good people under the circumstances referred to in the section, but is not a law in the sense of a rule of action which such people are legally bound to obey. We do not think that this conclusion is maintainable. It may be admitted that where a statute creates a right and also prescribes a particular remedy or procedure for its enforcement, such procedure can alone be invoked for such enforcement; but that is as far as the rule goes. In such case the special procedure may be considered as part of the right—limiting and conditioning it. But where the right is given by statute without any prescribed remedy, it may be enforced by any appropriate method recognized by the general law of procedure. This principle is crystallized in section 1428 of the Civil Code, which provides that "an obligation arising from operation of law may be enforced in the manner provided by law, or by civil action, or proceeding." And a suit in equity is peculiarly an appropriate remedy for the enforcement of

the duty imposed by said section. This principle was declared in the case of *Livingston* v. *Superior Court*, 117 Cal. 633, [49 Pac. 836]. An equitable action was there held to be the appropriate remedy for the enforcement of the right of a husband under section 176 of the Civil Code to be supported by his wife, and, so far as the remedy is concerned, there is no distinction between that case and the case at bar. If an equitable action lies in the one case, it certainly does in the other, for section 206 and section 176 are alike in this respect, that each enjoins a legal duty, but provides no procedure for its enforcement. In the Livingston case the court, having referred to the case of *Galland* v. *Galland*, 38 Cal. 265, (which we also cite on this question,) says: "There is no reason why we should not adhere to the doctrine announced in *Galland* v. *Galland*, 38 Cal. 265. It is in accord with the general principle that where a right exists and there is no adequate legal remedy, equity will take jurisdiction." The court further says: "Counsel have not pointed out by what ordinary action the obligation could be enforced, and I know of none. In what action, at law, could the court ascertain and determine what monthly allowance should be made for the future support of the husband, and enter a judgment awarding an execution each month for the amount?" It is true that courts have not generally undertaken to enforce the obligation of parents to maintain their infant children. Indeed, in England, under the common law, the maintenance of minor children was considered merely a moral obligation not enforceable at law. It was generally there held that an action against the parent for necessaries furnished the child could not be maintained. This view has also been taken in some American decisions; although in others the other, and we think the better, rule has been declared that an action for necessaries against a parent is maintainable. (See Tiffany on Persons and Domestic Relations, pp. 230, 234.) It is probable that these later decisions rest on the proposition that the obligation is only a moral one, but that this moral obligation is a good consideration for the furnishing of necessaries, and a sufficient foundation for an action to recover for necessaries which have been *actually furnished*, although no sufficient foundation for a decree for future maintenance. But in the case at bar we are not concerned with moral obligations.

Statutory law does not deal with mere moral obligations. When it declares a duty or a right it means a *legal* duty or right. Section 206 of the Civil Code is a part of the substantive law of the land, and establishes and declares a legal duty of the parent to maintain their children who are within its provisions, and establishes the right in such children to have such maintenance. As the duty runs to the children, the latter are the persons to whom the right imposed by the duty accrues; and they are the proper parties to an action to enforce such right and compel the performance of such duty. We do not see that any controlling difficulty arises out of the suggestion of appellant that after the entry of such a judgment as is contemplated in this case, and after the time for appeal shall have expired, a change of circumstances might occur by the plaintiff becoming financially able to care for himself, or the defendant becoming financially unable to comply with the judgment, and yet the judgment must stand as originally rendered. A court of equity has wide power as to the forms of its judgments, and in a case like the one at bar there could be no valid objection to the reservation in the judgment of the power to modify it in the event that changed conditions in the future should justly demand a modification. And with respect to judgments enforcing duties and rights growing out of the domestic relations the very nature of the judgment requires that there should be a reserved power to meet future exigencies. Our conclusion is that the duty and right established by section 206 of the Civil Code may be enforced by an action in equity like the one at bar, and that in such action a court of equity has full jurisdiction to pronounce a judgment such as is prayed for in the complaint.

As we have occupied considerable space in discussing the main and most important point in the case, we will very briefly notice the other contentions of appellant.

The court having, as we have seen, jurisdiction to enforce the provisions of section 206, it had power to make all orders necessary for that purpose, including the orders for suit money, counsel fees, and maintenance *pendente lite;* and the amounts allowed for such purposes were not excessive.

There was sufficient evidence to sustain the finding of appellant's financial ability to comply with the preliminary order to pay money *pendente lite,* and with any reasonable

final judgment that may be made; and the evidence introduced by respondent showed such ability was not erroneously admitted.

The motions for a change of venue were properly denied, as the defendant Bessie, whose residence was in the county where the action was commenced, was a proper party, and she did not join in the motion.

The plea in abatement on the ground of the pendency of another action was not maintainable.

There are no other points in the case which are tenable, or which call for special notice.

The points above noticed are the same as those arising in the case of *Roma Paxton* v. *Blitz and Bessie Paxton,* the only difference in the two cases being in the reasons given by Roma why she is unable to support herself, although she also fully brings herself in that regard within the provisions of said section 206.

All and each of the four orders appealed from are affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.