STATE EX REL. CLAUSE HAGERT V. CHAS. F. TEMPLETON, JUDGE OF
THE DISTRICT COURT OF THE STATE OF NORTH DAKOTA.

Opinion filed November 16, 1909.

**Divorce — Right of Husband to Alimony.**

1. Alimony, suit money, and counsel fees cannot be allowed to the
husband in this state.

**Same — Jurisdiction to Grant Alimony Statutory.**

2. Jurisdiction in matters relating to divorce and alimony is con-
ferred by statute, and the power of the courts to deal with such mat-
ters must find support in the statute, or it does not exist.

**Same — Alimony — Right of Husband to.**

3. Section 4071, Rev. Codes 1905, which provides that "the court
may, in its discretion, require the husband to pay as alimony any money
necessary to enable the wife to support herself or her children, or
to prosecute or defend the action," was intended to be exclusive
and to embrace the entire subject-matter of the allowance of ali-
mony, etc., pendente lite.

Original application by the State, on relation of Clause Hagert,
for a writ of mandamus to be directed to Charles F. Templeton, dis-
trict judge.

Writ denied.

*Geo. A. Bangs,* for relator. *Skulason & Burtness,* for respondent.

FISK, J. Relator makes application to this court for a writ of
mandamus directed to the Honorable Chas. F. Templeton, judge of
the district court of the First judicial district, commanding him to
assume and to exercise jurisdiction for the purpose of hearing and
determining relator's application for an order requiring the wife,
who is plaintiff in an action for divorce against her husband, the
relator, to pay to relator certain sums of money for maintenance
pendente lite and for suit money and attorney's fees to enable him
to defend such action. The learned trial court refused to entertain
such jurisdiction upon the sole ground of a lack of power or author-
ity so to do.

By this application we are squarely confronted with the question
whether, under the written or unwritten law in this jurisdiction, any
power exists in the courts to entertain in a divorce action an appli-
cation by the husband for an order requiring the wife to furnish

him temporary alimony, suit money, and counsel fees. We are entirely clear that no such power or authority exists, and will briefly give our reasons for thus holding: Concededly, alimony could not be granted to the husband at common law. Therefore the authority to grant such allowance, if any such authority exists, must be by virtue of the Constitution or statutes of this state. Turning to our statute (section 4071, Rev. Codes, 1905), we find that the Legislature has merely declared the rule of the common law. The section reads. "While an action for divorce is pending the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action." No similar provision is made for the husband. Such section clearly measures the court's power in the matter of the allowance of alimony and suit money pendente lite. Such is in effect the express holding of this court in Glynn v. Glynn, 8 N. D. 233, 77 N. W. 594, where the court, in denying the power to grant the wife alimony where a divorce is granted for her fault, said : "In the absence of statute, the rule is inexorable that no alimony can be allowed where a divorce is granted for the fault of the wife." In Groth v. Groth, 69 Ill. App. 68, one of the inferior courts of Illinois ordered the wife to pay the husband temporary alimony and solicitor's fees, and in reversing such order the appellate court said : "If alimony from a wife to a husband is a proper thing upon circumstances, legislation is necessary to authorize it. At common law a husband was required to provide his wife with necessaries ; but there was no reciprocal duty. The statute gives her, not him, alimony. To give it to him is not to administer existing, but to make new, law"—citing Somers v. Somers, 39 Kan, 132, 17 Pac. 841, and Greene v. Greene, 49 Neb. 546, 68 N. W. 947, 34 L. R. A. 110. 59 Am. St. Rep. 560. In the recent case of Cizek v. Cizek, 69 Neb. 797, 96 N. W. 657, 99 N. W. 28, 5 Am. & Eng. Ann. Cas. 464, it is said: "Are the provisions of chapter 25 exclusive in their grant of power to the district courts with reference both to the causes for which divorces may be granted, and to the allowance of alimony? Consideration of this question has led us to answer in the affirmative. Matters pertaining to divorce, separation, and alimony were originally of ecclesiastical cognizance; but in this country they have always been regulated by statute, and we think the courts have always looked to the statute as the source of their power." A very clear, concise, and accurate statement of the rule is made by the

Wisconsin court, as follows: "It is an undoubted general principle of the law of divorce in this country that the courts, either of law or equity, possess no powers except such as are conferred by statute; and that, to justify any act or proceeding in a case of divorce, whether it be such as pertains to the ground or cause of action itself, to the process, pleadings, or practice in it, or to the mode of enforcing the judgment or decree, authority therefor must be found in the statute, and cannot be looked for elsewhere, or otherwise asserted or exercised." Barker v. Dayton, 28 Wis. 367. That court in a later case has expressly reaffirmed such rule. Hopkins v. Hopkins, 39 Wis. 167. To the same effect, see Kenyon v. Kenyon, 3 Utah, 431, 24 Pac. 829.

The fundamental error running through relator's entire argument is that the jurisdiction to grant divorces and to allow alimony and suit money is included within the general equity powers conferred upon the district courts, and that, inasmuch as our Code enjoins reciprocal duties upon the husband and wife for support and maintenance, like remedies conferred upon the wife for alimony, suit money, and counsel fees should be granted the husband. Such argument, if addressed to the Legislature, would have much merit in its support. As said in Greene v. Greene, supra: "This condition of things is for the Legislatures, not the courts. * * * 'Alimony is allowed the wife in recognition of the husband's common-law liability to support her. Therefore, in the absence of legislation readjusting domestic relations and allowing it, there being no corresponding liability on the wife's part to support her husband, alimony cannot be granted him.'" 2 Am. & Eng. Ency. of Law (2d Ed.) 92. Counsel for relator construes such language as holding, in effect, that, where there is legislation readjusting domestic relations such as exists in this state, such fact empowers the courts, without statutory authority so to do, to grant alimony to the husband. This is erroneous. The Legislature, not the courts, have allowed the wife alimony in recognition of the husband's liability to support her, and no doubt it would be perfectly proper for the Legislature to allow the husband alimony in recognition of the wife's liability to support him; but the courts are without power to do so in the absence of legislative sanction.

If jurisdiction as to divorces and, as a consequence, as to the incidental questions of alimony, etc., was formerly included within the general equity powers of the courts, as is apparently assumed by

relator's counsel, his argument would be entitled to much more weight. Such, however, is not the fact. In addition to the foregoing authorities, see 1 Bish. on Marriage & Divorce, §§ 1400, 128, and cases cited.

Writ denied. All concur.