[Civ. No. 2402. Second Appellate District.—October 4, 1917.]

SARAH EISENRING, Petitioner, v. SUPERIOR COURT, etc., et al., Respondents.

DIVORCE—AWARD OF ALIMONY AND COSTS TO HUSBAND—WANT OF JURISDICTION.—In an action for divorce brought by a husband, the court has no authority to order the wife to pay the husband suit money and alimony *pendente lite*, since section 137 of the Civil Code, which provides that the court may require the husband to pay the wife alimony and necessary money to prosecute or defend an action for divorce, is the measure of the power of the court in making such allowances, and the law contemplates that the husband shall support himself out of his own property or by his own labor, save and except in the cases mentioned in section 176 of the Civil Code.

APPLICATION for a Writ of Prohibition originally made to the District Court of Appeal for the Second Appellate

District to restrain the enforcement of an order for payment of alimony *pendente lite.*

The facts are stated in the opinion of the court.

Alfred H. McAdoo, Duke Stone, and David E. Bergman, for Petitioner.

Griffith Jones, for Respondents.

SHAW, J.—Prohibition. In an action for divorce brought by Charles Eisenring against his wife, petitioner herein, the court, upon application therefor by the husband, made an order requiring the wife, at a time specified therein, to pay the husband suit money and alimony *pendente lite.* She refused to comply with the order; whereupon she was cited to appear and show cause why she should not be adjudged guilty of contempt.

The contention of petitioner is that this order is void, and hence the court had no jurisdiction to proceed against her as for contempt for failure to comply therewith. We are in full accord with this contention.

Concededly authority to make such order finds no support at common law; hence, if authority therefor exists, it must be by virtue of some statutory provision. Section 137 of the Civil Code provides that "when an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself and her children, or to prosecute or defend the action." Clearly the power of the court under this provision is restricted in the exercise thereof to the wife, and no similar provision is made in favor of the husband. To our minds, this section measures the power of the court in the matter of allowing suit money and alimony *pendente lite;* and, as said in *Hagert* v. *Templeton,* 18 N. D. 525, [25 L. R. A. (N. S.) 234, 123 N. W. 283], "was intended to be exclusive and to embrace the entire subject matter of the allowance of alimony *pendente lite.*" In *Groth* v. *Groth,* 69 Ill. App. 68, it is said: "If alimony from a wife to a husband is a proper thing upon circumstances, legislation is necessary to authorize it. . . . The statute gives her—not him—alimony. To give it to him is not to administer existing, but to make new, law." To like effect is *Greene* v. *Greene,* 49 Neb. 546, [59 Am. St.

Rep. 560, 34 L. R. A. 110, 68 N. W. 947] ; *Glynn* v. *Glynn,* 8 N. D. 233, [77 N. W. 594] ; *Brenger* v. *Brenger,* 142 Wis. 26, [135 Am. St. Rep. 1050, 19 Ann. Cas. 1136, 26 L. R. A. (N. S.) 387, 125 N. W. 109] ; *Hoagland* v. *Hoagland,* 19 Utah, 103, [57 Pac. 20].

The law contemplates that the husband, save and except in the cases specified in section 176 of the Civil Code, shall support himself out of his property or by his labor. The case of *Livingston* v. *Superior Court,* 117 Cal. 633, [38 L. R. A. 175, 49 Pac. 836], cited by respondent, was an action brought under this section to compel the wife to support the husband out of her separate property, and upon a trial thereof and the facts being established that he had no separate property, and, in the absence of community property, being unable through infirmity to support himself, as provided in said section, the court made its order requiring the wife to pay him a specified sum monthly. For such action express statutory authority exists; but neither section 176 nor what is said in the Livingston case supports respondent's contention. The point here made was urged in the case of *Hagert* v. *Templeton, supra,* where the court, having before it a similar question and construing like statutory provisions, held that no authority, statutory or otherwise, existed for the making of an order requiring the wife to pay suit money and alimony to the husband *pendente lite.*

The alternative writ heretofore issued is made permanent.

Conrey, P. J., and James J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 3, 1917.