[No. 14678. Department Two. January 21, 1919.]

BERTHA J. FITZPATRICK, *Appellant*, v. JOHN H. FITZPATRICK, *Respondent*.[1]

DIVORCE (80)—DIVISION OF PROPERTY—JURISDICTION OF SEPARATE PROPERTY. The jurisdiction in divorce to make a division of the property extends to separate as well as community property, and notwithstanding the parties had exchanged deeds prior to the actions.

SAME (80)—DIVISION OF PROPERTY. The matter of fault of the parties to a divorce does not require that one receive a larger proportion of the property than the other.

SAME (80). A wife granted a divorce may not be entitled to the larger portion of the property, in view of mutual fault, the fact that she was employed, and was given the home property and furnishings and relieved from the support of her child.

SAME (106)—SUPPORT OF CHILD. The division of property in substantially three equal portions for the husband, wife, and child is not inequitable; and the husband, being charged with making the child's portion produce certain sums, is properly given the

[1]Reported in 177 Pac. 790.

management of it, although the wife was awarded custody of the child.

SAME (63) — ATTORNEY'S FEES — DISCRETION. Rem. Code, § 988, rests the matter of allowances for attorney's fees and suit money in an action for divorce wholly in the discretion of the court, which will not be disturbed in the absence of abuse.

Appeal by plaintiff from a judgment of the superior court for Kitsap county, French, J., entered September 18, 1917, upon findings favorable to the plaintiff, in an action for divorce, tried to the court. Affirmed.

*F. W. Moore,* for appellant.

*Robinson & Robinson* and *J. W. Bryan,* for respondent.

FULLERTON, J.—The appellant brought an action for divorce against the respondent charging cruelty, drunkenness and failure to support. The respondent, by cross-complaint, asked for a decree of divorce on the ground of appellant's cruelty. The parties had a minor child, the award of whose custody was demanded by each of them. On the issues joined, the court made findings from which he concluded that the appellant was entitled to a divorce and to the custody of the child, and entered a decree accordingly.

With respect to the property of the parties, it made the following finding:

"That the property should be divided between the parties hereto and Elizabeth Fitzpatrick, the daughter aforesaid. That the nature of the property is such that it cannot be equally divided in kind without the party to whom certain parcels are decreed pay the other parties certain differences in value in cash."

The court, without making any findings as to the values of the respective parcels of real and personal estate belonging to the marital community, found what proportion thereof the plaintiff, defendant, and

their daughter were entitled to, and in its decree of divorce ordered as follows:

"It is further ordered that the plaintiff have as her separate property lots 17, 18 and 19 in block 1 of Dietz addition to the city of Bremerton, Kitsap county, Washington, household goods and furniture now located in the house on said premises except the piano; also the money deposited in the German American Bank, of Seattle, Wash., subject, however, to the payment of the $366 to Elizabeth Fitzpatrick, the minor daughter aforesaid, and the further sum of $266 to John H. Fitzpatrick, the defendant. Said sums to be paid within 30 days after the entry of this decree, or plaintiff to make, execute and deliver proper mortgages therefor on the property awarded her, said mortgages to bear 7% interest from date until paid, and to be lien on said property until paid either in cash or by mortgage.

"It is further ordered that Elizabeth Fitzpatrick, daughter of plaintiff and defendant, have as her property lots 1 and 2 in block 5 of Dietz addition to the city of Bremerton, Kitsap county, Washington, together with all furniture now in the cottages on said premises, and, also, the piano which has heretofore belonged to the parties hereto, and the further sum of $366 in cash to be paid by plaintiff here to the said Elizabeth Fitzpatrick as hereinbefore mentioned.

"It is further ordered that the defendant John H. Fitzpatrick have as his sole and separate property the west 11¾ acres of lot 4 in section 10, township 24 north, of range 1, E. W. M., together with all tools and implements and furniture now on said premises, and the further sum of $266 to be paid by the plaintiff herein as hereinbefore set forth.

"It is further ordered that the defendant pay to the plaintiff for the support of the minor child aforesaid a sufficient amount so that with the rents received from the property of the little child to wit, lots 1 and 2 aforesaid, she shall receive a total sum of $25 per month, and the defendant, for the purpose of carrying out this term of the decree, is authorized to rent

the premises, collect the rent and pay the plaintiff a lump sum of $25 per month, in the event however the property ever brings more than $25 per month, the whole sum shall be paid plaintiff for the support of the minor child. The first payment hereunder shall be made September 1st, and the first of each month thereafter, the defendant shall also pay all taxes and assessments on said property.''

This appeal is from that portion of the decree which determines the division of the property.

Our code, relating to the division of property on granting a divorce (Rem. Code, § 989), reads as follows:

''In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, and shall make provision for the guardianship, custody, and support and education of the minor children of such marriage.''

The interpretation put upon this statute in the early case of *Webster v. Webster*, 2 Wash. 417, 26 Pac. 864, has been uniformly followed in this court. In that case we said: '

''This language is comprehensive; it is an equitable division of the property rights of the parties that the court is authorized to make. . . . the parties shall bring into court all their property, and a complete showing must be made. Each party must lay down before the chancellor all that he or she has, and, after an examination into the whole case, he makes an equitable division. . . . The law does not require an equal division of the property, but a 'just and equitable' division, and as no general rule for a just and equitable division can be laid down, but each case

must be adjusted according to its own merits and the particular circumstances surrounding it, the court investigates all the circumstances.''

See, also, *Hale v. Hale,* 76 Wash. 34, 135 Pac. 481.

The record in the present case shows that the husband, before his marriage, was the owner of lots 17, 18 and 19, in block 1, Dietz addition to Bremerton, and that, during marriage, the community acquired lots 1 and 2, block 5, in the same addition, and 11¾ acres of rural property. Prior to the divorce proceedings, the appellant and the respondent exchanged deeds, whereby the town property was conveyed to the wife and the rural property to the husband. The appellant contends that it was error for the court to place the lots standing in her name into the common fund for division. But jurisdiction over the property for division was vested in, and rightly assumed by, the court, and the circumstance that it had been conveyed by the husband to the wife did not deprive the court of such jurisdiction. As was held in the cases cited, the jurisdiction to make an equitable distribution extends to separate as well as community property.

The contention is made by the appellant that, inasmuch as the granting of the divorce to her showed that the respondent was in the wrong, she was entitled to the larger proportion of the property, and that she was awarded, at best, but an equal proportion. But aside from the fact that the record indicates that the court did not find her entirely free from fault, the circumstance itself is not controlling. As we say, the code requires an equitable division of the property. While the circumstance of fault is a proper matter to be inquired into in making the division, it is only a persuasive matter; it does not require that a larger proportion of the property be given to the party not in fault than is given to the other.

A further contention is made that the appellant should have been allowed a larger proportion of the property because the respondent was employed at wages bringing him about $125 per month, while she would be compelled to go out and earn a living. She was, however, earning her living at the time of her marriage, had employment at the time of her divorce, and was in nowise incapacitated from work. She brought into the community $280 in funds, $100 of which stood to her credit in bank at the time of the separation and was awarded to her, as well as the home property with its household furnishings. In the light of the record in the case, showing mutual fault of the spouses, that the appellant was employed and capable of earning her own living, that she had been given the home property with its furnishings, and that she was partially, if not wholly, released of any necessity for the support of the child, we cannot say that she was entitled to a larger share of the property by reason of the greater earning capacity of her husband.

The principal complaint of the appellant is that the court, in awarding her certain property, incumbered it with liens amounting to $532, which she claims it will be difficult for her to meet without sacrificing the property, and that a more equitable decree would have been to award her the property granted by the decree to her minor child. The record shows that the court undertook to divide all the marital property between the spouses and their minor child in substantially the proportions of one-third each. There were three parcels of realty, whose approximate values the evidence tended to show as follows: Eleven acres of land with working tools and furniture, $1,500; the home property on three town lots with household furniture, $2,800; and two other town lots with shacks on them, with fur-

nishings worth about $75, worth in all about $1,500. The court awarded the appellant the home place and furniture, and burdened her with a charge of $366 in favor of the child and $266 in favor of the respondent. This would make the property awarded appellant of the value of approximately $2,168. The child was given property of the value of $1,500, a money allowance of $366 and a piano, $200, making her portion approximately $2,066. The husband was given the acreage and a money allowance of $266, making his proportion $1,766. These figures we deduce from the record, and they do not show, in our opinion, any abuse of the court's discretion.

The buildings upon the property awarded the child brought in a small rental, and the respondent was ordered to manage the property in the interest of the child, collect the rents and pay the rental over to the appellant for the support of the child, and in case the rental for any month fell below the sum of $25, to make good the deficiency. The appellant complains that, inasmuch as the custody of the child was awarded to her, she should also have been awarded the management of the property, and that the respondent should have been required to supply the necessary support for the child from his personal earnings. But, from the record, we are satisfied with the disposition of the child's property as made by the court. It is not shown that the respondent is not competent to manage the property, and since he must make the rentals produce a given sum, it is but just that he should have its management.

Another contention of the appellant is that the court erred in allowing her but $75 for her attorney fees, together with her statutory costs and witness fees, and in denying her any further allowance of suit money and attorney fees on appeal. The statute pro-

viding for the allowance of such items (Rem. Code, § 988), rests the matter wholly in the discretion of the court, and from the record herein, we cannot say that any abuse of such discretion is shown. *Griffith v. Griffith*, 74 Wash. 284, 133 Pac. 443.

The judgment is affirmed.

MAIN, HOLCOMB, PARKER, and MOUNT, JJ., concur.