[No. 17153.   Department One.   June 6, 1922.]

THE STATE OF WASHINGTON, on the Relation of Agnes Jacobson, Plaintiff, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, Joseph B. Lindsley, Judge, Respondent.[1]

DIVORCE (62, 63)—TEMPORARY ALIMONY AND SUIT MONEY—AWARD TO HUSBAND—STATUTES.  The common law that a husband is not entitled under any circumstances to temporary allowances for support, suit money or attorney's fees, pending his action for a divorce, is not changed by Rem. Comp. Stat., § 988, authorizing the court to make such orders for the disposition of the persons or property as may be right and proper, and such orders relative to expenses as will insure to the wife an efficient preparation of the case; and Id., § 989, authorizing the court to make a just and equitable division of the property; and Id., § 6906, providing that the expenses of the family are chargeable upon the property of both husband and wife or either of them.

Certiorari to review an order of the superior court for Spokane county, Lindsley, J., entered March 15, 1922, awarding temporary alimony and suit money to

¹Reported in 207 Pac. 227.

a husband pending an appeal in divorce proceedings. Reversed.

*O. C. Moore* and *B. B. Adams,* for relator.

*Burkey & Cowan* and *McCarthy, Edge & Lantz,* for respondent.

PARKER, C. J.—The relator, Agnes Jacobson, seeks in this court a review and reversal of an order of the superior court for Spokane county, entered in an action for divorce commenced by her against her husband, John Jacobson, in which the court awarded him "temporary suit money," "temporary attorneys' fees," and "temporary maintenance," to be paid to him by her pending her appeal to this court from a prior order entered in that action. We shall assume for present purposes that the conditions of this controversy are such that relator has the right to have the order in question reviewed and, if found erroneous, reversed, by this review proceeding; and is not compelled to resort to an appeal looking to that end, no contention being made to the contrary.

In view of our conclusion, we find it necessary to consider only the question of law as to whether or not the husband in a divorce action is by the law of this state, under any circumstances, legally entitled to such temporary allowance as is here sought and was awarded by the superior court. It is elementary that in states and countries having the source of their jurisprudence in the common law, a husband has no legal right to an award of alimony, as against the wife, in the absence of statutory enactment so providing. In the text of 1 R. C. L. 874, the rule and the reason thereof are well stated as follows:

"Since alimony is an allowance made in the enforcement of the common-law liability of a husband to support his wife, it follows that in the absence of a stat-

utory provision on the subject there is no authority for such an allowance to the husband, as at common law no corresponding duty is imposed upon the wife.''

See, also, 19 C. J. 204.

This being the common-law rule as to alimony — which for the present we may regard as meaning only maintenance—it seems to us to follow as a matter of course that it applies as well to suit money and attorney's fees incident to a divorce proceeding. It was so held in the well-considered cases of *State ex rel. Hagert v. Templeton,* 18 N. D. 525, 123 N. W. 283, 25 L. R. A. (N. S.) 234, and *Eisenring v. Superior Court,* 34 Cal. App. 749, 168 Pac. 1062. So our real problem is as to whether or not this common-law rule has been changed in our state by legislation, so as to warrant the awarding of such relief to the husband as was awarded to him by the order here on review.

Counsel for respondent invoke the provisions of the following sections of Rem. Comp. Stat.:

''§ 988. Pending the action for divorce the court, or judge thereof, may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper, and such orders relative to the expenses of such action as will insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof; . . .''

''§ 989. In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, and shall make provision for the guardianship, custody, and support and education of the minor children of such marriage.''

''§ 6906. The expenses of the family and the education of the children are chargeable upon the property

of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately."

Section 988 seems to us to clearly negative any legislative intent to authorize the making of a temporary award to the husband of the nature here in question pending a divorce proceeding. The first few lines of that section, down to and including the word "proper," read apart from the other words of the section, may seem to lend some support to the view that the husband, equally with the wife, upon proper conditions shown, would be entitled to such relief as is here sought; but the concluding above quoted words of that section, "and such orders relative to the expenses of such action as will insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof" seem to us to clearly negative any expression of legislative intent to change the common-law rule in favor of the husband. There seems to us to be no reason for making such express provision for temporary allowance to the wife, except to preserve the common-law rule upon that subject. Section 989 does authorize disposition of the property of the parties upon the final granting of a divorce, and we have held that this means the disposition of the separate property of both wife and husband as well as their community property; which means that, upon the granting of a divorce, the husband may have an award even out of the separate property of the wife. *Webster v. Webster,* 2 Wash. 417, 26 Pac. 864; *Budlong v. Budlong,* 43 Wash. 423, 86 Pac. 648; *Hale v. Hale,* 76 Wash. 34, 135 Pac. 481; *Fitzpatrick v. Fitzpatrick,* 105 Wash. 394, 177 Pac. 790.

While that section may furnish some ground for arguing that the husband may be awarded permanent alimony in the form of a periodical allowance as against

the wife, as well as being awarded a portion of her separate property, we think it does not follow that the husband may be awarded a temporary allowance pending the divorce proceeding. Section 6906 renders the wife's separate property chargeable with the expenses of the family, and we have held, in *Russell v. Graumann*, 40 Wash. 667, 82 Pac. 988, 5 Ann. Cas. 830, that the furnishing of the husband with hospital and medical services during his last illness, while the family relation of the two spouses had not been severed in the sense that they were living separate and apart, was chargeable against the separate property of the wife at the suit of the person furnishing such services. But even that, we think, does not argue at all conclusively that such temporary award as is here sought by the husband can be lawfully made.

The California case of *Eisenring v. Superior Court,* 34 Cal. App. 749, 168 Pac. 1062, seems to be directly in point and against respondent's contention touching this phase of our problem. In that case it was held that a husband was not entitled to suit money and alimony *pendente lite,* notwithstanding § 176 of the California civil code then in force providing that:

"The wife must support the husband, when he has not deserted her, out of her separate property, when he has no separate property, and there is no community property, and he is unable, from infirmity, to support himself."

The court rested its decision upon a provision of the divorce statute, in substance the same as ours, reading as follows:

"When an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to [1] support herself and her children, or [2] to prosecute or defend the action." (California Civil Code, § 137.)

In disposing of the case, the court made the following pertinent observations:

"Clearly the power of the court under this provision is restricted in the exercise thereof to the wife, and no similar provision is made in favor of the husband. To our minds, this section measures the power of the court in the matter of allowing suit money and alimony *pendente lite;* and, as said in *Hagert v. Templeton,* 18 N. D. 525, [25 L. R. A. (N. S.) 234, 123 N. W. 283], 'was intended to be exclusive and to embrace the entire subject-matter of the allowance of alimony *pendente lite.*'" (*Eisenring v. Superior Court, supra.*)

Counsel for respondent call our attention to, and seem to place considerable reliance upon, the decision of the Iowa court in *Lindsay v. Lindsay,* 189 Iowa 326, 178 N. W. 384, wherein an award of temporary allowance, in substance the same as was made by the order here in question, was sustained; but that decision was rendered in the light of § 3177 of the Iowa code (1897) reading as follows:

"The court may order either party to pay the clerk a sum of money for the separate support and maintenance of the adverse party and the children, and to enable such party to prosecute or defend the action."

Plainly, the common-law rule was changed by this language of the Iowa statute. No case has come to our notice, and we think none can be found, wherein any appellate court in this country has held that a husband is legally entitled, under any circumstances, to an award such as was made by the order here on review, in the absence of statute plainly authorizing such award to be made.

The order of the superior court entered on March 15, 1922, awarding to John Jacobson, the husband of relator, "temporary suit money," "temporary attor-

ney's fees," and "temporary maintenance," is reversed and set aside.

MITCHELL, TOLMAN, and BRIDGES, JJ., concur.

## ON REHEARING.

[*En Banc.* January 3, 1923.]

PER CURIAM.—This cause was reargued before the court *En Banc* on December 5, 1922. Deeming ourselves fully advised in the premises, and a majority of the judges being of the opinion that the cause was correctly disposed of by the decision of Department One, the order of the superior court is reversed for the reasons therein stated and as therein directed.