[Civ. No. 5242.  Second Appellate District, Division One.—December 22, 1925.]

JENNIE L. NORMAN, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF LOS ANGELES et al., Respondents.

[1] MANDAMUS—PLEADING—SUFFICIENCY OF PETITION — DEMURRERS — ISSUES.—The only real issue raised by a demurrer to a petition for a writ of *mandamus* is as to the sufficiency of the petition to entitle the petitioner to the relief prayed for, and where an answer to the petition contains no substantial denial of any material facts alleged in the petition and does not set forth any new matter, which, if true, would defeat petitioner's right to the writ, if entitled to the same upon the facts stated in the petition, there is no issue of fact raised by the pleadings and the proceeding will be considered on the facts as alleged in the petition.

[2] DIVORCE—ORDER REQUIRING WIFE TO PAY EXPENSES OF BRINGING HUSBAND FROM STATE PRISON—JURISDICTION.—In a divorce action brought by the wife, the superior court has no power to order the wife to pay the costs of producing at the trial the defendant husband, who is confined in the state prison under conviction for felony.

[3] ID.—EXPENSES OF HUSBAND IN PROSECUTING OR DEFENDING THE ACTION — ADVANCEMENT BY WIFE — JURISDICTION. — The superior court is without authority to make an order in a divorce action requiring the wife to advance funds to the husband for the purpose of the latter prosecuting or defending said action.

(1) 38 C. J., p. 886, n. 92, p. 887, n. 99, p. 902, n. 34 New.   (2) 19 C. J., p. 227, n. 15.   (3) 19 C. J., p. 227 n. 15.

APPLICATION for a Writ of Mandamus to compel the Superior Court of Los Angeles County and Ira F. Thompson, a Judge thereof, to proceed with the trial of a divorce action.  Writ granted.

The facts are stated in the opinion of the court.

1.  See 16 Cal. Jur. 866; 18 R. C. L. 350.
2.  Right of husband to maintenance, suit money, or attorneys' fees in suit for divorce, note, 24 A. L. R. 491.  See, also, 1 Cal. Jur. 956.
3.  See 1 Cal. Jur. 956; 1 R. C. L. 974.

T. J. K. MacGowen for Petitioner.

E. Neal Ames for Respondents.

CURTIS, J.—Application for writ of mandate prayed to be directed to the Superior Court of the County of Los Angeles, Ira F. Thompson, Judge, to compel respondent to forthwith proceed with the trial of a certain action pending in said court.

Petitioner Jennie L. Norman instituted in the Superior Court of the County of Los Angeles an action for divorce against her husband John W. Norman. Subsequently, the defendant in said action was convicted of an assault with a deadly weapon, a felony, and sentenced by the court to confinement in the state prison at San Quentin for the period prescribed by law. Thereafter, and while said defendant was still confined in said state prison under said judgment of imprisonment, said divorce action came on for trial. After two short continuances, said action was again set for trial on the second day of October, 1925, at which time the defendant, through his attorney, moved the court, after due notice of the hearing of said motion had been given to the plaintiff in said action, for an order requiring plaintiff to pay to the sheriff of the county of Los Angeles the sum demanded by said sheriff for the necessary expense in bringing the defendant from said state prison to the county of Los Angeles and for his return to said prison, on the ground that said defendant was a necessary witness at said trial and a party to said action. Thereafter and on the twenty-seventh day of October, 1925, the court granted said motion and further ordered that the defendant, John W. Norman, be brought from said prison to be present at the trial of said action, and that at the conclusion thereof that he be returned to said prison. Said order provided that said action be continued from day to day until the money required for the transportation of said defendant from said prison and return was paid by plaintiff to the sheriff as provided by said order, and that upon its payment, after proper notice given, the court would set said divorce action for trial. The plaintiff refused to pay the money to the sheriff, as ordered by the court, or any money whatever,

but has requested the court to set said cause for trial, and the court has refused to do so. The matter comes before us on an original petition for writ of mandate directed to the trial court, before which said action is pending, and the judge thereof, requiring said court to forthwith proceed with the trial of said action. Said petition sets forth the facts substantially as recited above. To this petition respondents have interposed a demurrer. [1] The only real issue raised by the demurrer is as to the sufficiency of the petition to entitle the petitioner to the relief prayed for. The answer contains no substantial denial of any of the material facts alleged in the petition, nor does it set forth any new matter which, if true, would defeat petitioner's right to the writ if she is entitled to the same upon the facts stated in the petition. There is, therefore, no issue of fact raised by the pleadings. The proceeding, therefore, will be considered by us on the facts as alleged in the petition. The only real question presented is whether such facts are sufficient to entitle petitioner to the relief prayed for.

Petitioner contends that the court was without authority to make the order of date October 27, 1925, and that her failure to comply therewith furnishes no legal reason for the court's refusal to proceed with the trial of said divorce action.

[2] Assuming for the purpose of this proceeding only that the court has power in a civil action to order a prisoner, confined in a prison or jail situated in a county other than the county in which said action is pending, to be produced at the trial of said action, either as a witness or for the reason that he is a party thereto, yet we think it well settled that the court has no power to order in a divorce action the wife to pay the costs of producing such a prisoner at the trial of said action. [3] The precise question was before the court in the case of *Eisenring* v. *Superior Court,* 34 Cal. App. 749 [168 Pac. 1062]. The trial court in a divorce action had made its order "requiring the wife at a time specified therein to pay the husband suit money and alimony *pendente lite.*" On her refusal to do so she was cited to appear and show cause why she should not be punished for contempt. She then instituted prohibition proceedings

against the Superior Court, in which the action was pending, to restrain the enforcement of said order. In such proceedings the district court held that said order was void and issued a permanent writ of prohibition against said Superior Court enforcing the same. The court said: "The contention of petitioner is that this order is void, and hence the court had no jurisdiction to proceed against her as for contempt for failure to comply therewith. We are in full accord with this contention.

"Concededly authority to make such order finds no support at common law; hence, if authority therefor exists, it must be by virtue of some statutory provision. Section 137 of the Civil Code provides that 'when an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself and her children, or to prosecute or defend the action.' Clearly the power of the court under this provision is restricted in the exercise thereof to the wife, and no similar provision is made in favor of the husband. To our minds, this section measures the power of the court in the matter of allowing suit money and alimony *pendente lite;* and, as said in *Hagert* v. *Templeton,* 18 N. D. 525 [25 L. R. A. (N. S.) 234, 123 N. W. 283], 'was intended to be exclusive and to embrace the entire subject matter of the allowance of alimony *pendente lite.'* In *Groth* v. *Groth,* 69 Ill. App. 68, it is said: 'If alimony from a wife to a husband is a proper thing upon circumstances, legislation is necessary to authorize it. . . . The statute gives her—not him—alimony. To give it to him is not to administer existing, but to make new, law.' To like effect is *Greene* v. *Greene,* 49 Neb. 546 [59 Am. St. Rep. 560, 34 L. R. A. 110, 68 N. W. 947]; *Glynn* v. *Glynn,* 8 N. D. 233 [77 N. W. 594]; *Brenger* v. *Brenger,* 142 Wis. 26 [135 Am. St. Rep. 1050, 19 Ann. Cas. 1136, 26 L. R. A. (N. S.) 387, 125 N. W. 109]; *Hoagland* v. *Hoagland,* 19 Utah, 103 [57 Pac. 20]."

A hearing of the Eisenring case in the supreme court was denied, and it has never been reversed or modified to our knowledge, and we think it contains a correct expression of the law as to power of the court to make an order in a divorce action, requiring the wife to advance funds to the

husband for the purpose of the latter prosecuting or defending said action.

Let a peremptory writ issue.

Conrey, P. J., and Houser, J., concurred.