[Civ. No. 27151.   Second Dist., Div. Four.   May 24, 1963.]

LEPA KRULY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; RISTO P. RADICH, Real Party in Interest.

Lemaire & Mohi and Cy H. Lemaire for Petitioner.

No appearance for Respondent.

Arthur S. Loveland for Real Party in Interest.

BURKE, P. J.—In an action for support by a parent against an adult child, under sections 206 and 243 of the Civil Code, which resulted in a judgment in favor of the parent, may the trial court make an order for support and expenses pending the appeal from such judgment?

This is the basic issue presented in this proceeding by the adult child seeking a writ of prohibition commanding respondent court to desist and refrain from further proceedings in connection with its order for support and expenses pending appeal "or any similar proceedings to award support or expenses pending appeal until further order of this court."

Petitioner sought, in the alternative, a writ of supersedeas restraining respondent court from taking any further proceedings whatever pending the determination of the appeal from the judgment "subject to the posting of the undertaking on appeal as heretofore fixed in the sum of $5,000.00." Subsequent to the filing of the petition and before the hearing of oral argument, petitioner filed the undertaking on appeal from the judgment, thus effectively staying all further proceedings under it.

Plaintiff, the father of defendant, an adult daughter, brought an action under Civil Code section 206 and was

awarded judgment whereby defendant was ordered to pay plaintiff $300 per month, commencing January 1, 1963, for his support and maintenance, including his medical costs and expenses, and the sum of $1,000 to meet his costs and expenses of the proceedings. Upon a timely notice of appeal being filed, a motion to fix undertaking on appeal was heard on February 15 at which time the undertaking was fixed in the amount heretofore indicated. There was also noticed for hearing on that same date the motion by the father for support, maintenance and expense money pending appeal. The trial court, having considered the affidavit of the plaintiff and having heard the arguments of counsel, made its order that ''defendant pay forthwith to plaintiff the sum of $1,000.00 as expense money to enable him to properly prepare his part of said appeal and the sum of $500.00 per month pending said appeal, the first payment to be made forthwith and on the 15th day of each month thereafter. Failure to comply with this Order shall constitute contempt.'' ▮ This order is also an appealable order and enforcement thereof would be stayed by perfecting the appeal. (Code Civ. Proc., § 946.) This requires the filing of a stay bond. (Code Civ. Proc., § 942; *Curley* v. *Superior Court*, 199 Cal.App.2d 369, 371 [18 Cal.Rptr. 727].) ▮ The record shows that, while notice of appeal has been duly given, no bond has yet been filed.

This court issued its alternative writ of prohibition directed to respondent court, ordering it to desist and refrain from any further proceedings or actions in connection with the proceeding until further order of this court and that it show cause at a time and place fixed in the order why it should not be restrained and prohibited from taking any further action or other proceedings in the case.

Petitioner contends that the respondent court acted beyond its jurisdiction in making its order for support and expenses of Feburary 15, 1963, and will act beyond its jurisdiction if it attempts to or does punish petitioner for noncompliance with its order. Petitioner further contends that she should not be required to defend repeated motions for support and maintenance and attorney's fees pending appeal or subjected to the unnecessary expense of repeated bonds on appeal.

Since there is no showing that the court will attempt to enforce its order of February 15 should the effect of its order be stayed by the filing of an appeal bond, supersedeas would not be proper. Thus, the question before us is whether the

trial court exceeded its jurisdiction in making the February 15 order for support and expenses pending appeal.

■ Petitioner argues that Civil Code section 206, and sections 243 and 248 of the Civil Code (the latter sections being a portion of the Uniform Civil Liability for Support Act), authorize the action for support by a parent from an adult child, but contain no provisions for support or legal costs and expenses pending appeal. The identical argument was made in April 1962 when this petitioner sought to restrain respondent court from hearing an order to show cause *in re* support, attorney's fees and costs pendente lite. The application was denied upon the authority of *Paxton* v. *Paxton,* 150 Cal. 667, 670 [89 P. 1083], and a hearing by the Supreme Court was likewise denied. Meanwhile, it was stipulated by and between the parties and their respective counsel that the order to show cause be placed off calendar subject to an agreement whereby certain sums should be paid for attorney's fees and for support until the date of trial, the order to be without prejudice to either party.

In *Paxton, supra,* an adult child sought support from his parents under section 206, Civil Code. This action, considered in 1907, construed the section as it now exists since no amendments have been adopted during the interim. In that case it was contended that the action could not be maintained because the section did not provide any procedure or machinery for enforcing its provisions. To this contention the court said (pages 670-671): "But where the right is given by statute without any prescribed remedy, it may be enforced by any appropriate method recognized by the general law of procedure. This principle is crystallized in section 1428 of the Civil Code, which provides that 'an obligation arising from operation of law may be enforced in the manner provided by law, or by civil action, or proceeding.' And a suit in equity is peculiarly an appropriate remedy for the enforcement of the duty imposed by said section."

With regard to the power of the court to make a pendente lite order, it is stated (page 672): "The court having, as we have seen, jurisdiction to enforce the provisions of section 206, it had power to make all orders necessary for that purpose, including the orders for suit money, counsel fees, and maintenance *pendente lite*; . . ."

■ Petitioner points to the enactment by the Legislature of sections 137.2 and 137.3 of the Civil Code, specifically authorizing orders for support and other costs pendente lite in

divorce or separate maintenance actions or for the support of children, and notes that the Legislature could have, but did not, authorize such pendente lite orders in actions by a parent against an adult child for support. Thus, petitioner contends, under the maxim *expressio unius est exclusio alterius,* it was the intent of the Legislature to limit the power of the court to provide for such temporary support only in the class of cases expressly mentioned. In *Galland* v. *Galland,* 38 Cal. 265, a similar contention was made and rejected by the court. At the time of the *Galland* case the statute provided that a wife could obtain temporary alimony pending the termination of the divorce action. However, there was no express statutory provision for alimony without a divorce action being filed. The court declared that the above mentioned maxim could not be invoked; that the Legislature was not dealing with the general subject of alimony as an independent subject matter of legislation but only as one of the incidents of an application for divorce and that the wife could maintain an action against the husband for a reasonable allowance without coupling the application with a prayer for divorce.

Likewise, here, section 206 is a part of a separate title in the Civil Code dealing with the relationship of parent and child entirely independent of the question of marriage and divorce, whereas sections 137.2 and 137.3 are a part of a separate chapter of the code dealing with divorce. This is likewise true of Civil Code section 243, which is a part of the Uniform Civil Liability for Support Act which deals with the fundamental obligations of man to support his wife, child and parents when in need, and likewise a woman to support her child, husband and parents independent of the subject of actions for divorce. It is also to be noted that section 243, Civil Code, contains the added provision that ''the duty imposed by this section shall be subject to the provisions of Sections 176, 196, and 206 of the Civil Code'' and furthermore, under section 251 in the same series, ''the rights herein created are in addition to and not in substitution for any other rights.'' Both sections 243 and 251 were enacted in 1955 after sections 137.2 and 137.3 became law. Thus, it is plain that they were not intended to be controlled by the latter sections.

Petitioner relies on *Eisenring* v. *Superior Court,* 34 Cal. App. 749 [168 P. 1062], for the proposition that, there being no statutory authority for a pendente lite award to a parent, the court cannot create such authority. *Eisenring* dealt

with the subject of alimony pendente lite to a husband in a divorce proceeding, and the court said (page 750): "Concededly authority to make such order finds no support at common law; hence, if authority therefor exists, it must be by virtue of some statutory provision." The court pointed out that section 137 of the Civil Code provides for alimony for the wife and no similar provision is made in favor of the husband. The court said (pages 750-751), "to our minds, this section measures the power of the court. . .

"The law contemplates that the husband, save and except in the cases specified in section 176 of the Civil Code [providing for support by a wife of a husband who is unable from infirmity to support himself], shall support himself out of his property or by his labor."

Unlike the situation confronting the court at the time in *Eisenring*, here we have an obligation imposed upon an adult child to support his parent in need and thus, clearly, *Eisenring* does not apply.

The further question is presented in the petition as to the propriety of the court's awarding $500 per month support pending appeal rather than the amount of $300 which is the sum which it found necessary in the judgment. Since petitioner has given notice of appeal from this order, this is a matter which can more properly be determined upon such appeal.

As stated above, petitioner also sought a restraint against any future orders for support or expenses pending the decision of the two appeals. It is clear that we cannot now rule on the propriety of a future hypothetical order, of undeterminable content, based on a showing yet to be made of facts not yet existent.

The alternative writ of prohibition heretofore issued is discharged; the petition for a peremptory writ of prohibition is denied.

Jefferson, J., and Kingsley, J., concurred.